## COLLINS & Co. v. HYSLOP & SON.

1. It is sufficient if the memorandum of the style of the cause, made by the clerk, indicate with reasonable certainty to what suit it relates. The description of it by the firm name is sufficient, and the judgment in favor of the plaintiffs against the defendant,s is sufficient, as the pleadings show who they are.

Error to the Circuit Court of St. Clair.

MOTION for judgmant *nunc pro tunc*. From the record it appears, that on the 13th March, 1839, a writ issued to take the bodies of Jesse A. Collins, and John Collins, merchants and partners, using the style J. A. Collins & Co., to answer Robert Hyslop, and William Irving Hyslop, merchants and partners, using the name and style of Robert Hyslop & Son, in a plea of trespass on the case, &c. Indorsed on the writ is an acknowledgment by both defendants, of service of the writ.

The declaration filed at the return term, pursues the writ in the description of the parties, and counts on a promissory note, to which the defendant appeared and pleaded, after which there appears in the record the following entry of judgment:

Robert Hyslop & Son, ⎤ This day came the plaintiffs by
　　　vs. 　⎬ their counsel, and the defendants
Jesse A. Collins & Co. ⎦ in their own proper person, and the said defendants in open court came forward, and confesses judgment in favor of the plaintiffs, in the sum of seventeen hundred and seventeen dollars and fifty-six cents, due by promissory note. It is therefore considered by the court, that the said plaintiffs recover of the said defendants the said sum of, &c. &c.

At the March term, 1846, on motion of the plaintiffs, the judgment was amended, so as to make it read, the said Robert Hyslop and the said William Irving Hyslop, merchants, &c. recover of the said Jesse A. Collins, and the said John Collins, merchants and partners as aforesaid, the said sum, &c. &c.

The amendment of the judgment is the matter now assigned as error.

W. P. CHILTON, for plaintiff in error.

1. The court had no power to enter judgment *nunc pro tunc*, after the lapse of six years. The statute limits its power to three. [Clay's Dig. 322, § 55.]

Collins & Co. v. Hyslop & Son.

2. As the statute by its express terms gives no power to make amendments after three years in judgments, does the court possess the power by the common law? I contend it does not, and the authorities are clear to this point. [Viner's Abr. 289, Amendment, A.; 1 Bacon's Abr. Jeofails and Amendment, A.; 1 Salk. 46 ; Same, 51; 8 Rep. 156, b; 157, a; Sale v. Crompton, 1 Wilson, 61; 1 Comyn, 603; Bingham on judgments, 72; 13 Law Lib. 30.] The case of Wilkinson v. Goldtwaite, 1 S. & P. 159, and Mays et al. v. Hassel, 4 Stew. & Por. 222, mistake the law on this point. True, the court in a subsequent case, (Brown v. Bartlett, 2 Ala. R. 29,) refer to the first case as approving it, yet the point did not arise in that cause, and in the case of Armstrong v. Robertson & Barnwell, 2 Ala. Rep. 164, 168, the court admit the doctrine for which I contend, and deduce their authority to make such amendments alone from the statutes of 1807, 1824. The common law only allowing amendments during the term, and our statutes extending the time to *three years* after final judgment, and there being no law or warrant for amending after three years, the judgment should be vacated.

3. But if I am not sustained in this view of the case, there is another ground on which I rely with confidence. The judgment entered in March, 1840, is by *confession*, in favor of Robert Hyslop & Son v. Jesse A. Collins & Co. It recites that the defendants came in their own proper persons, before the court, and confesses judgment in favor of the plaintiffs, in the sum of $1,717 56, due by promissory note, &c. Now who came before the court? John Collins? The *record* no where says so. The judgment depends upon the confession, and not upon the papers. [Caller v. Denson, Minor, 19.]

S. F. RICE, for defendants in error.

1. "Every court must have the power to correct its own entries, so as to make them speak the truth of the case, even after the adjournment of the court, on sufficient evidence that an error of fact has been committed." [Coffey, use, &c. v. Wilson & Gunter, 2 Ala. Rep. 701; Scales v. Swan, 9 Port. Rep. 163; Smith v. Redus & wife, 9 Ala. Rep. 99.]

2. The lapse of less than ten years, will not prevent the

court from the exercise of its power to make amendments of its entries. And it is doubtful whether even the lapse of ten years will bar the exercise of such power, if the presumption of payment was repelled. [Wilkerson v Goldthwaite, 1 S. & P. 159.]

3. It is no objection to the amended judgment, that no execution had issued within a year and a day on the original judgment ; nor is it matter of objection, that no notice is given to the opposite party. [Allen & Dean v. Bradford & Shotwell, 3 Ala. R. 281, and cases cited.]

ORMOND, J.—We are strongly inclined to the opinion that this judgment did not require amendment, and that the terms plaintiffs, and defendants, referred to the previous proceedings in the cause, the writ and declaration, and thereby became sufficiently certain to authorize an execution to issue thereon, in the name of, and against those indicated in the pleadings, as the plaintiffs and defendants. [The State Bank v. Smith, 5 Ala. R. 26.] It is no objection whatever, that the names of the parties are not set out at full length in the memorandum of the style of the cause, made by the clerk. It is sufficient if it indicates with reasonable certainty to what suit it relates, and in our opinion, such is the fact here, the description of the parties being by their firm name, or partnership designation.

But if this were not so, it cannot be doubted, that the writ and declaration, were sufficient to enable the court to amend the judgment by inserting, if necessary, the names of the plaintiffs and defendants at length. The cases referred to by the counsel for the defendant in error, are fully in point, and sustain the judgment of the court.

Judgment affirmed.