SPENCE *vs.* SIMMONS ᴇᴛ ᴀʟ.

1. A judgment *nisi*, which does not designate the party in whose favor it is rendered, is insufficient to support a final judgment.

Error to the Circuit Court of Coosa. Tried before the Hon. Geo. D. Shortridge.

THIS was a proceeding by *scire facias* by the defendants against the plaintiff in error as a defaulting witness. A judgment *nisi* was rendered, a copy of which will be found in the opinion of the court, and the plaintiff failing to appear and show cause to the contrary, a judgment final was rendered at a succeeding term. This judgment is now assigned as error.

RICE & MORGAN, for plaintiff in error:

L. E. PARSONS, for defendants.

DARGAN, C. J.—A judgment should show the plaintiff who recovers, the defendant against whom the recovery is had, and the specific thing or amount of money recovered; without these requisites it is no judgment, and no process can issue on it to enforce its satisfaction.—Ordinary v. McLure, 1 Baily, 7; *Boykin v. The State*, 3 Yerger 426.

A judgment *nisi*, or a conditional judgment, must possess these material requisites, for the final judgment is but a confirmation of the conditional judgment, and cannot differ from the judgment on condition. The conditional judgment must be capable of confimation.—Dickinson v. Walker, 1 Ala. 48.

Tested by these rules there is manifest error. The judgment *ni si* in this case does not show any recovery, or in whose favor it was intended that a recovery should be had. The recitals are: "This day came the parties by their attornies and Solomon Spence being called to come into court and give evidence in behalf of the defendants, came not but made default, and it appearing to the satisfaction of the court that Spence has been duly subpœnæd to appear at this term of the court and give evidence as aforesaid; on motion of defendant's attorney, it is ordered by the court that a forfeiture

of one hundred dollars be entered against said Solomon Spence for such his default, and that the same be made final at the next term of this court, unless said defaulting witness shall then appear and show cause to the contrary." This entry does not show a recovery in favor of any one, and cannot be considered a judgment.

The final judgment, therefore, rendered on this entry, must be reversed.

CHILTON, J., not sitting.