## ISHAM CARR *vs.* SOLOMON ANDERSON.

The verdict and judgment must correspond with the suit; and it will be understood that the verdict was for the thing sued for, namely, the dollars specified in the declaration.

For the sake of certainty, the word "dollars" should be used in rendering judgments in actions to recover money; but where it is manifest that the omission is a clerical error, and it is clear that the judgment was intended to be for $580.25, it is not void, and will uphold an execution for *dollars* and cents to the amount specified in the judgment. *Held*, that it was error in the court below to quash the execution and set aside the sale.

ON appeal from the circuit court of Jackson county; Hon. John Watts, judge.

The opinion of the court contains a statement of the facts of the case.

*R. Seal*, for plaintiff in error,
Contended that the decision of the court below was erroneous,

and cited and commented on 3 How. 227; 1 Ib. 216; 6 Ib. 542. If a new suit was instituted on the note, the defendant below could plead this judgment as a former recovery, and if this be true, the present judgment is valid in law.

*A. B. Dawson,* for the defendant in error,

Cited in reply, 2 Greenl. R. 435; 1 Humph. 80; 3 Marsh. 135; 3 Yerger, 426; 1 Littell, 28; 10 Peters, 449. If "dollars" had been expressed in the verdict, the judgment might be amended; but there being no denomination of money expressed in either the verdict or judgment, the execution issuing on it is void, and the sale invalid.

Mr. Justice Fisher delivered the opinion of the court.

This was a motion in the circuit court of Jackson county, to quash an execution, and set aside a sale of land, by virtue of the same. Notice appears to have been given to the plaintiff in the execution as well as the purchaser of the land. On the trial, the court sustained the motion, by quashing the execution and setting aside the sale.

The record presents this state of facts. The plaintiff below had recovered a judgment in the circuit court of Jackson county against the defendant; in entering the verdict and judgment, the word "dollars" was omitted. The entry is this: "We, the jury, do assess the damages of the plaintiff to the sum of five hundred and eighty 25-100." "It is, therefore, considered by the court that the plaintiff do recover of the defendant, the sum of five hundred and eighty 25-100, and his costs." Upon this judgment an execution was issued, and levied upon certain lands, which were sold by the sheriff. The execution follows the judgment, except that the word "dollars" is added.

It is insisted by counsel, that this judgment is void, as it does not specify the amount for which it is rendered. The suit was brought to recover a certain amount of money, or number of dollars. The verdict and judgment must correspond with the suit; and we must, therefore, understand that the verdict was for the thing sued for, namely, the dollars specified in the declaration. Under this view of the question, while we are of opin-

ion, that, for the sake of greater certainty, the word dollars should be used in rendering judgments in actions to recover money, yet where it is manifest that the omission is a mere clerical error, and where it is clear that the judgment was intended to be for $580.25, it is not void, and will uphold an execution for dollars and cents to the amount specified in the judgment. It was, therefore, error in the court below to quash the execution and set aside the sale.

Judgment reversed, sale of land to stand, and motion in court below overruled.