# Tanner *v.* Thomas.

*Bill in Equity to Quiet Title to Land.*

1. *When proceedings to set apart homestead to widow under § 1738 of the Code of 1852, void.*—Proceedings instituted by the widow of a decedent in the probate court to have set apart to her a homestead exemption under section 1738 of the Code of 1852, no part of which contains any description whatever of the lands sought to be set apart as exempt, but in which blanks are left for such description, are absolutely void.

APPEAL from Jefferson Chancery Court.
Heard before Hon. CHARLES TURNER.
The facts are sufficiently stated in the opinion.

JNO. T. TERRY and M. T. PORTER, for appellant.

HEWITT & WALKER, *contra.*

(No briefs came to the hands of the reporter.)

SOMERVILLE, J.—The bill in this case is in the nature of a bill *quia timet*, the purpose of which is to quiet the title of a certain tract of land, the fee of which is alleged to be in the appellant, Tanner, who claims by purchase from one Catharine

Adams, who derived her title through the medium of certain proceedings in the Probate Court of Jefferson county.

These proceedings are set out, as an exhibit to complainant's bill, *in hæc verba.* They originated by petition to the court, which seems to have been filed in May, 1866, by Catharine Adams, praying to have a homestead set apart to her as exempt under the provisions of section 1738 of the Code of 1852, afterwards amended so as to constitute in substance section 2061 of the Revised Code of 1867. The petitioner was averred to be the widow of one Richard Adams, deceased, and the lands were alleged to be under five hundred dollars in value.

These proceedings are full of defects which are utterly fatal to their validity, and render them unquestionably void.

Of these it is only necessary to mention one. There is *no description whatever of the lands* prayed to be allotted as a homestead anywhere throughout the whole proceedings, either in the original petition to the Probate Court, or in the report of the three commissioners who were appointed to lay off and set apart the same, or in the final judgment of the court confirming the report.

The court for this reason, to say nothing of others equally fatal, *had no jurisdiction* of the case, and its judgment is a nullity.—Freeman on Judgments, §§ 117, 123, 264; *Wilburn v. McCalley,* 63 Ala. 436, and cases cited on page 445.

The judgment would also be *void for uncertainty,* owing to the *blank* left in it, which was never filled by inserting a description of the lands. There was no method by which these lands could be legally identified, and a judgment or decree of this character can be regarded as possessing no more legal efficacy than so much waste paper.—Freeman on Judgments, §§ 50–52, 54; *Spence v. Simmons,* 16 Ala. 828; *Gayle v. Singleton,* 1 Stew. 566.

The demurrer was, without doubt, properly sustained, and there was no error in dismissing the bill of appellants.

Affirmed.