## FAIRBANKS, Assignee, *v.* AMOSKEAG NAT. BANK and others.

*(Circuit Court, D. New Hampshire.* October 10, 1887.)

1. JUDGMENT—ENTRY OF—MANDAMUS TO COMPEL.

An opinion in an equity cause in the district court was promulgated by the judge, and delivered to the clerk, who made the following entry on his minute-book: "Bill dismissed as to A. and B. Decree." At the request of counsel of defendants, the clerk sent them a copy of this opinion, and a paper containing the draft of a decree, which draft, he wrote, had been "handed down with the opinion, and may be subjected to minor alterations before being spread upon the record." The defendants then appealed, supposing that the decree had been entered. Finding that such was not the case, they moved in the circuit for *mandamus* to the clerk to compel him to make such entries as would establish the opinion and accompanying paper as a decree in the cause, and to the judge to certify them as correct. *Held*, that the writ should be denied; the paper not being the decree, but only a draft made by the judge for the convenience of counsel, that they might see in a general way what decree he was prepared to enter, and it being no part of the official duty of the clerk to receive the opinion, or make a copy of it.

2. APPEAL—WHEN LIES—ENTRY OF DECREE.

The clerk made the following entry in a cause on his minutes: "Bill dismissed as to A. and B. Decree." *Held*, that the inference was that the judge had announced his decision in the case, and that an appeal might be taken therefrom at once, although no opinion containing a full statement of the judge's reasons had then been filed.

In Equity. On motion for writ of *mandamus*, and motion to dismiss appeal.

*H. G. Wood*, for appellee.

*Briggs & Huse* and *Charles R. Morrison*, for appellants.

COLT, J. This is a motion for a writ of *mandamus* to the district judge for the district of New Hampshire, and to the clerk of the district court for that district, requiring that certain papers be certified as true copies, and that certain entries be made in the docket of the court. The allegation of the defendants is that at the March term, 1885, of the district court, in the above-entitled case, an opinion was promulgated by the judge, and delivered to the clerk, and the following entry made on the clerk's book: "Bill dismissed as to Currier and Chandler. Decree;" that afterwards the clerk, in answer to a request from the counsel for the defendants, sent them a copy of the opinion, and also a paper containing the draft of a decree, with a note in which he said: "The inclosed is but a rough draft of the decree handed down with the opinion, and may be subjected to minor alterations before being spread upon the record;" that said written opinion, announcing the conclusions of the court in said cause, and authoritatively pronounced, was a proceeding and determination of said district judge in said cause;" and prays for a writ of *mandamus* requiring the clerk to make such entries as will establish the above referred to paper as a decree in the cause. It appears that the defendants, supposing the decree was entered, have taken an appeal, which is now pending.

It is right to say that the statement of the facts as made by the learned judge, and by the clerk of the court, differs in some important particulars from the allegations of the defendant. But as I am of opinion that the defendants show no ground for the writ of *mandamus*, I shall, for the present purpose, assume the statement of the defendants is correct.

It cannot, I think, be held that the announcement of the opinion amounted to a determination of the cause. It was merely the announcement of the conclusion which the judge had reached in his own mind, with such statement of his reasons as he thought it convenient to make. The opinion need not be in writing, and it may form no part of the record of the case. It may be said that it is no part of the official duty of the clerk to receive it, or to make a copy of it. It is for the convenience of parties that this service is usually performed by the clerk. Nor do I think it can be said that the paper here presented as a decree ever took on that character. It was evidently a draft made by the judge for convenience. that counsel might see, in a general way, what decree he was prepared to enter. The letter of the clerk should have made it plain to counsel that the decree had not been entered. If it had been entered as the decree, it would not, of course, be subject to alterations except on a rehearing or on motion. Indeed, it is called by the clerk a "rough draft." The word "decree" on the clerk's docket cannot amount to an entry of the paper as a decree. The word stands alone, and may mean "decree to be entered," or "stands for decree," as well as "decree entered." The motion for a *mandamus* to the clerk requiring him to make entries relating to the opinion and the supposed decree must therefore be dismissed.

When, however, we come to consider the motion to dismiss the appeal, another question arises. The clerk, as is not disputed, entered on his minutes the words, "Bill dismissed as to Currier and Chandler. Decree." From this entry I think it is to be inferred that the judge announced his decision, although the opinion containing the full statement of his reasons was not then filed. In this state of the case it was proper for the respondents to take their appeal at once. *Silsby* v. *Foote*, 20 How. 290, 295. As the record on the appeal now stands, however, it does not appear that the entry was made. The motion to dismiss the appeal will therefore stand over, to allow the appellants time to move for a writ of *certiorari* to bring up the copy of minute-book of the clerk, so far as to show the entries contained in the certificate of the clerk which has been used on the hearing. When these copies are brought on the record, the motion to dismiss will be denied, unless on further hearing there should appear grounds to support the motion which have not been already argued.