# Flack *v.* Andrews.

*Action on Foreign Judgment.*

86　395
110　532

86　395
138　455

1.　*Requisites of judgment.*—A judgment rendered by a court of record in New York, which, after reciting the names of the parties in the margin of the entry, and stating that the issue in the cause came on for trial before the court and jury, "and a verdict for the plaintiffs having been

[Flack v. Andrews.]

duly rendered, for the recovery of the sum of $476 and one cent, and their costs having been adjusted at $126.34," then proceeds, "Now, on motion of plaintiffs' attorneys, it is adjudged, that plaintiffs have judgment herein for the sum of $476 and one cent damages, and for their costs $126.34, amounting in all to $602.35,"—has all the requisites of a valid judgment, showing with sufficient certainty that it is the action of the court, and the names of the parties for and against whom it is rendered.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. W. J. SAMFORD, as special judge, selected by the the parties on account of the incompetency of the presiding judge.

Action on foreign judgment, by Frank M. Flack and Philip M. Wales, against Joseph E. Andrews. Plea, *nul tiel record.* The only matter assigned as error is the rejection by the court below, as evidence, of the certified transcript of the record and judgment offered in evidence by the plaintiffs, to which ruling they excepted.

N. D. DENSON, for appellant, cited Freeman on Judgments, §§ 50, 54; *Alexander v. Wheeler*, 69 Ala. 342; *Collins v. Hyslop*, 11 Ala. 508.

J. M. & E. M. OLIVER, *contra*, cited *Dickerson v. Walker*, 1 Ala. 48; *Spence v. Simmons*, 16 Ala. 828; *Turner v. Dupree*, 19 Ala. 198; *Hinson v. Wall*, 20 Ala. 298; *Wagnon Keenan*, 77 Ala. 519; Freeman on Judgments, § 2.

CLOPTON, J.—The complaint declares on a judgment, alleged to have been rendered in favor of plaintiffs, who are appellants, against defendant, in the Supreme Court of New York, held for the county of Rennsalaer. The defendant pleaded *nul tiel* record. In order to establish their cause of action, the plaintiffs offered to read in evidence an authenticated transcript of a suit and proceedings therein, instituted by them against defendant in the Supreme Court of New York. To the introduction in evidence of the transcript, the defendant objected, which objection was sustained by the court, and the transcript excluded. No objection was made on the ground that the transcript was not properly authenticated. The specified ground of objection is, that it does not show any judgment rendered by the court against defendant.

The material requisites of a sufficient judgment are well settled. As said in *Spence v. Simmons*, 16 Ala. 828, "a

[Flack v. Andrews.].

judgment should show the plaintiff who recovers, the defendant against whom the recovery is had, and the specific thing or amount of money recovered." This statement of the general rule, however, must not be understood as meaning; that only the mere entry of what the court considered or adjudged, disconnected from the other parts of the record, can be looked to, and that such entry itself must show, in terms, the material requisites. In the absence of statutory or positive regulations, each department of the judiciary may establish its own formula of proceeding. In Freeman on Judgments, § 50, speaking of the tests of the sufficiency of a judgment, the author observes: "I think, however, that from the cases this general statement may be safely made: That whatever appears upon its face to be intended as the entry of a judgment, will be regarded as sufficiently formal, if it show, 1st, the relief granted; and, secondly, that the grant was made by the court in whose records the entry is written. In specifying the relief granted, the parties of and for whom it is given must, of course, be sufficiently identified." While a judgment must designate the party in whose favor, and the party against whom it is given, with such certainty that the proper officer may know for whom, and against whose property to issue execution; it is not necessary that the names of the parties should be stated in the body of the judgment. Whenever the judgment-entry is not clear and perfect on its face, it should be interpreted in the light of the pleadings, and of the entire record. The judgment-roll, as understood in the American practice, must be looked to, and not merely a fragment; and if from the whole, the date and amount, the parties between and against whom the judgment is given, and the court in which it was rendered, appear, the judgment is not defective.—*Fowler v. Doyle*, 16 Iowa, 534; *Carr v. Anderson*, 24 Miss. 188; *In re Boyd*, 4 Saw. 270; *Little v. Budrodc*, 27 Tex. 688; *Burnham v. Webster*, 1 Wood. & M. 172; *Collins v. Hyslop*, 11 Ala. 508. The rule is correctly stated in *Alexander v. Wheeler*, 69 Ala. 332, as follows: "The rule of law is, that every judgment of a court of justice must either be perfect in itself, or capable of being made perfect by reference to the pleadings, or to the papers on file in the cause, or else to other pertinent entries on the court docket."

The transcript offered in evidence contains a copy of the complaint, in an action for damages instituted by plaintiffs against-defendant in the Supreme Court of New York for

[Wheeler v. McGuire, Scoggins & Co.]

Rennsalaer county; of the notice served upon defendant, his answer to the complaint, and other proceedings in the case. On the margin of the judgment-entry the names of the parties are stated in full. After reciting the cause, being on the calendar of the court, and the issue having been brought on for trial before a justice of the court and a jury, at a Circuit Court held in and for Rennsalaer county, on November 16, 1885, and the issue having been tried, and a verdict for the plaintiff having been duly rendered for a specified sum as damages, and their costs having been adjusted at a specified sum, the entry proceeds: "Now, on motion of King & Rhodes, plaintiffs' attorneys, it is adjudged, that the plaintiffs have judgment herein for the sum of four hundred and seventy-six dollars, and one cent damages, and for their costs one hundred and twenty-six dollars and thirty-four cents—amounting in all to six hundred and two dollars and thirty-five cents." The entry is dated November 16, 1885. Taking the entry of the judgment in connection with its recitals, it shows that it was rendered by a court, and the court in whose records it is written; the action of a court, and not a mere memorandum of the clerk; and shows with sufficient certainty the parties for and against whom it is given. And especially when the entry is considered in connection with the record of the cause, there can be no room for doubt as to the parties in whose favor, or as to the party against whom it was given.

The court erred in excluding the transcript. This is the only question presented in the record.

Reversed and remanded.