# Kirkland *et al. v.* Mills.

### *Bill in Equity to foreclose Mortgage.*

1.  *Equity pleading; final decree; appeal.*—Where a bill is filed to foreclose a mortgage, and to be subrogated to the rights of mortgagees, a .decree, rendered upon final submission of the cause upon pleadings and proof, adjudging that complainant is entitled to the relief prayed for, and ordering.a reference to the register to ascertain and report the amount due the complainant under the mortgages involved in said suit, is a final decree from which an appeal can be prosecuted within twelve months from its rendition; and, where such a decree is not appealed from within the time allowed by law, it cannot be brought into question, or assigned as error and will not be reviewed on an appeal from a subsequent decree confirming the registers' report rendered in said cause after the lapse of twelve months from the rendition of said first decree.

APPEAL from Chancery Court of Henry.

Heard before the Hon. W. L. PARKS.

The bill in this case was filed by the appellee, W. H. Mills, against the appellants, praying for the foreclosure of a mortgage, and also that the complainant be subrogated to the rights of other mortgages whose debts he had paid. On the submission of the cause for final decree on the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for, and ordered the register to hold a reference to ascertain and report the amount due on the mortgages involved in the suit, and what was a reasonable attorney's fee for foreclositg the said mortgage. This decree was rendered on February 12th, 1901. On March 26th, 1901, there was a decree rendered which recited as follows: "This cause coming on again to be heard at this term

of the court, is submitted for decree on the report of the register, which was read on a former day of this term, and ordered to lie over under the rules, and on consideration thereof, no exceptions being filed, by either party, it is ordered, adjudged and decreed that the report be and the same in all things hereby confirmed." The present appeal is prosecuted by the defendants who assign as error the rendition of the decree of date March 26th, 1901, and the rendition of the decree of February 12th, 1901.

T. A. DANIEL, for appellants.

SANDERS & MCGRIFF, *contra*, cited Brickell's Digest, 34, § 111; *Adams v. Sayre*, 78 Ala. 509; *Malone v. Marriott*, 84 Ala. 486; *Garrett v. Jenkins*, 109 Ala. 471.

DOWDELL, J.—The appeal in this case was sued out on the 26th day of March, 1902, and is taken from a decree rendered on the 26th day of March, 1901. The decree from which the appeal was taken is one confirming the report of the register and directing the distribution of the fund under said report, and in accordance with a former decree of the court. No exceptions were reserved to the report, and after the same had been duly made and had laid over under the rules, the decree of confirmation followed. The decree under which the reference was held and report made, was rendered on the 12th day of February, 1901, more than twelve months before the suing out of the appeal. This decree of February, 1901, was in every essential a final decree, and from which an appeal was authorized under the statute at any time within twelve months. By it all of the equities of the case were fully settled and determined, and what remained to be done was ministerial in character and for the purpose of carrying out what had already been decided.—*Gary & Welpin et al. v. Jenkins, Moore & Co. et al.*, 109 Ala. 471; 3 Brick. Dig. 34, § 12.

The time for taking an appeal from the decree of Feb. 12th, 1901, having elapsed before the time of suing out the present appeal, the rendition of that decree can not be assigned as error on the present appeal from the de-

13

cree of confirmation of the register's report, and consequently will not now be reviewed.—*Alexander v. Bates et al.,* 127 Ala. 328.

As stated above no exceptions were taken to the report of the register, and we find no error in the decree confirming the report.

Affirmed.

*Bill in Equity to foreclose a Mortgage.*