# Hodnett *v.* Blankenship.

*Bill for Specific Performance.*

(Decided June 13, 1907.   44 South. 376.)

*Appeal; Equity; Decree; Time of Taking.*—Where an appeal was not sued out until more than twelve months from the rendition of the final decree, neither the decree itself nor any interlocutory order or decree rendered prior thereto can be reviewed, since the appeal was not prosecuted in time.

APPEAL from Coosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by W. M. Blankenship against Mattie Hodnett to specifically enforce a contract for the sale of land alleged to have been executed by respondent's ancestor. From a decree for respondent complainant appeals. Affirmed.

FELIX L. SMITH, and MARK D. BRAINARD, for appellant.—The chancellor erred in not dismissing the bill

[Hodnett v. Blankenship.]

for want of equity. A tender must be absolute and without condition.—*Odom v. Rutledge*, 94 Ala. 496; *Commercial F. Ins. Co. v. Allen*, 80 Ala. 571; 28 A. & E. Ency. of Law, p. 31. Respondent had a right to treat complainant as a tenant under the contract.—*Collins v. Whigham*, 58 Ala. 438; *Wilkinson v. Roper*, 74 Ala. 140.

JAMES W. STROTHER, and LACKEY & BRIDGES, for appellee.—Where a decree of the chancery court settles the equity between the parties it is such a decree as will support an appeal although the case remain in the court for further orders for the purpose of carrying into effect the decree.—*Woodruff v. Smith*, 127 Ala. 63; *Kirkland v. Mills*, 138 Ala. 192; *Garry, et al. v. Jenkins*, 109 Ala. 471. The appeal having been taken more than twelve months after the decree was rendered none of the orders, proceedings or decree can be reviewed.—*Blackburn v. Huber Co.*, 135 Ala. 578; *Lyde v. Park*, 132 Ala. 222.

DOWDELL, J.—The appeal in this case is prosecuted from a decree rendered on the 5th day of December, 1906. It appears from the record that a final decree was rendered in the cause on the 6th day of June, 1905, in which the rights and equities of the parties were settled. More than 12 months elapsed from the rendition of this decree to the suing out of the appeal. The decree appealed from was but the carrying into execution the former decree. The appeal having been sued out after the expiration of 12 months from the rendition of the decree, neither the decree itself, nor any interlocutory order or decree rendered prior thereto, can be reviewed.—*Garry & Welpin v. Jenkins, Moore & Co.*, 109 Ala. 471, 20 South. 8; *Woodruff v. Smith*, 127 Ala. 65, 28 South. 736; *Alexander v. Bates*, 127 Ala. 342, 28 South, 415; *Etowah Mining Co. v. Wills Valley Co.*, 121

[Gray, et al. v. South & North Alabama Railway Co., et al.]

Ala. 672, 25 South. 720; *Kirkland v. Mills*, 138 Ala. 192, 35 South. 40.

It follows that the decree appealed from, since it does nothing more than to carry into execution the former decree, in which all questions insisted on by the appellant were settled between the parties, must be affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.