SMITH v. SMITH.

(Circuit Court of Appeals, Eighth Circuit. December 24, 1917.)

No. 4906.

1. JUDGMENT ☰218—FORM AND REQUISITES OF JUDGMENT ENTRY.

Any entry, whatever its form, is a sufficient entry of a judgment, if the substance of the entry clearly shows that it was intended as the determination of the court, and shows the nature and scope of the relief granted.

2. DIVORCE ☰243—ALIMONY—JUDGMENT.

An entry in a divorce suit appeared to be the act of the court, and not of the clerk, and contained findings of plaintiff's residence, of the service of summons, of the fact of marriage, and of the cause for divorce, and then ordered, adjudged, and decreed that the marriage be dissolved, and further ordered, adjudged, and decreed that plaintiff was entitled to alimony from defendant, and "that he be ordered to pay" plaintiff the monthly sums therein specified. *Held*, that this was not a mere recital that a judgment be thereafter entered, but had the effect of a judgment for the amount of alimony stated.

3. COURTS ☰322(1)—FEDERAL COURTS—EVIDENCE—CITIZENSHIP OF PARTIES.

Where no issue of diversity of citizenship was made by the pleadings, evidence as to time spent by plaintiff in a state other than that of which she testified she was a resident was properly excluded.

4. APPEAL AND ERROR ☰226(1)—RESERVATION OF GROUNDS OF REVIEW—OBJECTIONS.

An objection that the introduction in evidence of certified copies of certain statutes made unnecessary costs could not be urged on appeal, when not made when the exhibits were offered in evidence.

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action by Elizabeth B. Smith against Ralph W. Smith. Decree for plaintiff, and defendant brings error. Affirmed.

T. J. O'Donnell, of Denver, Colo. (John W. Graham and Canton O'Donnell, both of Denver, Colo., on the brief, and G. W. Musser, of Denver, Colo., of counsel), for plaintiff in error.

Edward C. Stimson, of Denver, Colo., for defendant in error.

Before CARLAND, Circuit Judge, and AMIDON and MUNGER, District Judges.

MUNGER, District Judge. The defendant in error brought suit against the plaintiff in error in the court of insolvency for Hamilton county, Ohio, asking for a divorce and for alimony. A decree was rendered in that suit which reads as follows:

"This cause came on this day to be heard on the petition of the plaintiff herein and the evidence, on consideration whereof the court finds: That the plaintiff, at the time of the filing of her petition herein, had been a resident of the state of Ohio for more than one year next preceding the date of the filing thereof, and was at the time a bona fide resident of the county of Hamilton, state of Ohio. That the plaintiff was married to the defendant on the 28th day of October, 1896, at Lancaster, Ohio, and that no children were born as the issue of said marriage. That in accordance with the statute in such case made and provided there was served personally on the defendant a

summons in this case, directed to the sheriff of said county, on the 23d day of December, 1909, and, having failed to plead, the court finds the defendant in default for answer or demurrer to said petition, and further finds that the allegations thereof are confessed by him to be true. The court further finds, upon the evidence adduced, that the defendant has been guilty of gross neglect of duty, in that he has since July 26, 1908, refused to permit the plaintiff to live with him, wholly disregarding his marital duties, and that the defendant has also been guilty of extreme cruelty towards this plaintiff, by reason whereof the plaintiff is entitled to a divorce as prayed for in her petition.

"It is therefore ordered, adjudged, and decreed by the court that the marriage contract heretofore existing between the said Elizabeth B. Smith and Ralph W. Smith be and the same hereby is dissolved, and both parties are released from the obligations thereof. It is further ordered, adjudged, and decreed that the plaintiff is entitled to alimony from the defendant as per agreement between the parties, and that he be ordered to pay to the plaintiff the sum of $150 per month from the date of the entry hereof up to January 1, 1912, and at the rate of $200 per month from January 1, 1912, payable on the 1st day of each and every month, and the costs of this proceeding taxed at $————."

The defendant in error afterwards commenced this action against the plaintiff in error upon that decree, alleging that a large portion of the sum awarded as alimony was due and unpaid, and recovered a judgment. The chief contention of the plaintiff in error is that the decree above recited is not an adjudication that any sum shall be paid by him as alimony, because it is not a final decree, but a mere recital that a judgment is thereafter to be entered.

[1] A number of cases have been cited in which it was held that entries, such as "let judgment be entered accordingly," "judgment is rendered," "the court ordered this cause dismissed," "ordered that the plaintiff's prayer for a decree of divorce be denied and that the defendant have judgment for costs," and "ordered that plaintiff have and secure judgment, * * * and the clerk of the district court is hereby ordered to enter judgment accordingly," did not set forth judgments, but were mere memoranda for or by the clerk of the court, and contemplated a further and formal entry of the judgments. The proposition is then advanced that this decree merely "ordered * * * that" defendant "be ordered to pay" the amount of alimony specified, and that this contemplated further action by the court before the plaintiff in error could be required to make payment of alimony. The practice of making pronouncement, either orally or by written memoranda in the minute books of the court or of the clerk, of the terms of judgments that are to be entered, to be followed later by the formal entry of the judgments, has sometimes led to some uncertainty as to the time from which the judgments were to run. See Gage v. Judson (D. C.) 92 Fed. 545; Fairbanks v. Amoskeag (C. C.) 32 Fed. 572; Judson v. Gage, 98 Fed. 540, 39 C. C. A. 156. Whatever its form, if the substance of the entry clearly shows that it was intended as the determination of the court in the action, and shows the nature and scope of the relief granted, it is a sufficient entry of a judgment. Freeman on Judgments, § 47; Black on Judgments, § 115; Rhodes v. Spears, 63 Kan. 218, 65 Pac. 228.

[2] In this case the entry appears as the act of the court, and not of the clerk, and does not appear to be a direction to the clerk. There are

findings of the residence of the plaintiff, of service of summons on the defendant, of the fact of marriage, and of cause for divorce. The decree then proceeds in apt terms to dissolve the marriage relation. The portion of the decree relating to alimony, taken in connection with the rest of the decree, does not indicate that a further order shall be made upon the defendant, either for the payment of the sums allowed as alimony or for the payment of the costs of the suit. The language of the decree is similar to an entry that it is considered or ordered by the court that the plaintiff have judgment. The effect of such an entry by the court is to give a judgment then for the amount stated. Potter v. Eaton, 26 Wis. 382; Mattice v. Street, 15 S. D. 63, 87 N. W. 522; Crowell v. Johnson, 2 Neb. 146; Flack v. Andrews, 86 Ala. 395, 5 South. 452; Tift v. Keaton, 78 Ga. 235, 2 S. E. 690.

[3] The defendant in error was called as a witness, and gave testimony to show that she was a resident of Ohio at and before the time this action was begun. Plaintiff in error complains of the refusal of the court to allow an answer, on cross-examination of the witness, concerning the time she had spent in New York after obtaining her decree of divorce. There was no issue of diversity of citizenship made by the pleadings, and hence there was no error in the court's ruling.

[4] Complaint is also made because the court allowed in evidence certified copies of acts of the Legislature of Ohio creating the court of insolvency and conferring jurisdiction of certain classes of cases upon it. The ground of complaint now urged is that unnecessary costs were made by this action. No such objection was made when the exhibits were offered in evidence.

The judgment will be affirmed.