(85 South. 533)

**BURGIN et al. v. SUGG.   (6 Div. 9.)**

(Supreme Court of Alabama.   May 20, 1920.)

1. **Reformation of instruments** ⬳36(3)—**Bill not directly averring bilateral mistake not good.**

Where, under averments of bill to reform contract and enforce specific performance, mistake or inadvertence averred might be that of one only of the parties, though there was a later averment that purpose of parties was otherwise, bill did not comply with that strict rule of pleading which requires great particularity in a bill for reformation, with averment of facts showing how the mistake was made, whose mistake it was, and what brought it about.

2. **Specific performance** ⬳20 — **Bill without equity as against party not privy to contract.**

Bill for reformation of a contract and to enforce specific performance *held* without equi-

ty as against a party not a privy to the contract; it neither creating nor transferring any right for or against him.

**3. Specific performance ⊜⇒14 — Not decreed where performance of contract depends on consent of third person.**

An agreement with S. by B. to cause a mortgage held by a third party on the property of S. to be paid, satisfied, and discharged of record *held* not specifically enforceable by S.; performance depending on the consent of such third person to have the record satisfied after payment.

**4. Specific performance ⊜⇒17—Bill demurrable as not showing complainant's interest.**

In suit to specifically enforce a contract to procure record release of mortgage on land described in the contract as belonging to complainant, and to reform such contract to show that complainant's sister owed the mortgage debt and owned the mortgaged land, bill *held* demurrable where the sister was not made a party defendant and there was no averment of facts showing complainant to be the real beneficiary.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by D. F. Sugg against James G. Burgin and J. E. Brown to reform a contract and to enforce its specific performance. From decree overruling demurrers to the bill, respondents appeal. Reversed and remanded.

"State of Alabama, Jefferson County.

"This contract and agreement made and entered into on this the 20th day of June, 1917, by and between James B. Burgin, hereinafter referred to as party of the first part; and D. F. Sugg, hereinafter referred to as party of the second part, witnesseth:

"Therefore whereas, in the year 1912, the party of the second part borrowed from J. E. Brown, the sum of two thousand ($2,000.00) dollars, and as evidence thereof executed his promissory note in the sum of $2,000.00, and as security therefor executed a mortgage to J. E. Brown on certain property situated in the city of Ensley, Jefferson county, Alabama; and,

"Whereas, the said note is past due, but has been extended from time to time by said J. E. Brown, and is still due and unpaid at the date of this instrument; and,

"Whereas, the party of the first part is desirous of having the party of the second part execute a release, releasing certain property situated in the city of Bessemer, Jefferson county, Alabama, belonging to the estate of H. W. Crook, deceased, there being a lien existing at this time in favor of the party of the second part, by reason of the fact that the said H. W. Crook during his lifetime indorsed a certain note executed by Walter K. McAdory, payable to the party of the second part; and,

"Whereas, party of the second part is willing to release and cancel said lien, provided, however, if the party of the first part will indemnify him and will within sixty (60) days of this date, to cause the said mortgage above described to be satisfied and discharged of record and his property situated in the city of Ensley, Alabama, released free and absolutely from the operation of said mortgage:

"Now therefore in consideration of the said premises and the further consideration, which the party of the first part has in obtaining a release of the Crook property, it is distinctly understood and agreed by and between the parties hereto that the party of the first part, for and in consideration of the party of the second part executing a release on the Crook property, will within sixty (60) days from the date of this instrument cause the said above-described J. E. Brown mortgage be paid, satisfied and discharged of record and have the property of the second part released free and absolutely from the operation of the said mortgage.

"[Signed]  Jas. B. Burgin.
"[Signed]  D. F. Sugg.
"Witness:  [Signed]  O. H. Bilbrey."

Burgin & Jenkins, of Birmingham, for appellants.

The court of equity will not make a contract for the parties and then enforce it. 181 Ala. 179, 61 South. 817; 103 Ala. 554, 15 South. 893. The bill was not clear and sufficient enough in its averment. 189 Ala. 48, 66 South. 598; 176 Ala. 577, 58 South. 552. Plaintiff was not entitled to specific performance. 201 Ala. 49, 77 South. 343; 96 Ala. 295, 11 South. 381, 38 Am. St. Rep. 94.

Weatherly, Deedmeyer & Birch, of Birmingham, for appellee.

The demurrers admit all facts well pleaded. The decree was general. 152 Ala. 303, 44 South. 562. The bill was specific enough in its averments. 34 Cyc. 970–975, and notes; 119 Ala. 340, 24 South. 357; 123 Ala. 164, 27 South. 401; 151 Ala. 141, 43 South. 864; 121 Ala. 485, 25 South. 766; 139 Ala. 379, 35 South. 1022, 101 Am. St. Rep. 38; 144 Ala. 427, 39 South. 474.

SAYRE, J. The bill in this cause was filed on the equity side of the circuit court of Jefferson against appellant Burgin as sole defendant, and sought reformation and specific performance of the contract appearing in the statement of facts. Demurrer to the bill was overruled, and defendants have appealed, assigning errors separately and severally.

Complainant's (appellee's) bill avers that—

"It was the purpose and intent of the parties to said above set out contract that respondent [Burgin] secure from orator a release of his lien claim against the estate of the said H. W. Crook, deceased, which claim was of great value, and in consideration for the relinquishment of orator's rights against said estate, to procure the payment and satisfaction of the mortgage debt in favor of the said J. E. Brown on said property."

The further averment is that Pauline Sugg, complainant's sister, owed the debt

and owned the property, which is described in the bill, "and that by mistake or inadvertence' said real estate, so mentioned in said contract, is described as the property of your orator, and that by mistake or inadvertence it is stated in said contract that your orator borrowed," etc.

[1] Construing the first averment of the bill on the subject most strongly against the pleader, the mistake or inadvertence averred may have been the mistake or inadvertence of one only of the parties to the contract—may have been unilateral. True, a later averment is that "it was the purpose and intent of the parties," etc., as shown by the quotation first above, but it still does not appear that the bill complies with that strict rule of pleading which, where reformation is sought, requires a very great degree of particularity of averment in every respect. Dexter v. Ohlander, 95 Ala. 467, 10 South. 527. It is necessary to aver facts showing how the mistake was made, whose mistake it was, and what brought it about, so that the mutuality may appear. 34 Cyc. 974.

[2] Turning to more obvious defects in the bill—defects of substance uncovered by the general demurrer (McDuffie v. Lynchburg Shoe Co., 178 Ala. 268, 59 South. 567)—and conceding even that in general the promisee may have specific performance of a contract made for the benefit of another, on the facts alleged specific performance of the contract, when reformed, cannot be effectively decreed without the presence of Brown, and for that reason, no doubt, Brown has by amendment been made a party defendant. But Brown was not privy to the contract the bill seeks to enforce; it neither created nor transferred any right as for or against him; nor is there any juridical reason why he should be subjected to the burden of litigation concerning a contract to which he is a stranger. As against him the bill is without equity.

[3] The case falls then within the category of cases in which the court must refuse a decree for specific performance because performance depends on the consent of a third person; defendant, appellant, would be required to procure "the surrender or cancellation of said note and the satisfaction of said mortgage on the record thereof," and, in the event of failure therein, "to pay such amount" to complainant, or, failing that, to submit to a money judgment. In ordinary circumstances there might be something of merit in the appeal to equity to have the record of the mortgage satisfied after payment of the debt thereby secured: but in no case could that obligation be placed on any one unless standing in Brown's relation to the mortgage, and in the circumstances of the present case it cannot be placed upon him for reasons which have been suffi-ciently stated. Hence our conclusion that the case presented by the bill, in so far as it seeks specific performance, falls within the influence and control of the principle which is stated as follows in Fry's Specific Performance (5th Ed.) § 999:

"As the consent of a third party is, or may be, a thing impossible to procure, a defendant who has entered into a contract to the performance of which such consent is necessary will not, in case such consent cannot be procured, be decreed to obtain it, and thus perform an impossibility."

To the same effect see 5 Pom. Eq. Jur. (4th Ed.) § 2179.

[4] Another feature of the bill, quite anomalous, to which the demurrer calls attention, in a way, is that Pauline Sugg, for whose benefit, according to the prima facie intendment of the facts averred, appellee seeks to enforce the contract, is not made a party defendant, nor is there averment of facts which would show appellee to be the real beneficiary.

The bill is defective, and the demurrer should have been sustained.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.