(89 South. 31)

## BURGIN et al. v. SUGG. (6 Div. 267.)

(Supreme Court of Alabama. May 12, 1921.)

**1. Reformation of instruments ⬉⬎36(3)—Bill held to allege mistake with sufficient particularity.**

A bill alleging that the agreement of the parties was that one of the complainants should surrender a claim by him in consideration for which defendant was to procure the release of a mortgage due from the other complainant, but that by mistake of the attorney by whom the contract was drawn the mortgage to be released was described as that of the complainant surrendering the claim, shows a mutual mistake with such sufficient particularity as to give the bill equity for reformation of the contract.

**2. Reformation of instruments ⬉⬎47—May require accounting in connection with reformation of instrument.**

Equity can require an accounting as an incident to the reformation of and enforcement of a contract, though the bill does not state such a complication of accounts or other facts as would give it equity as an independent bill for an accounting.

**3. Reformation of instruments ⬉⬎33—Bill held not to disclose misjoinder of complainants.**

In a suit to reform a written contract to make it conform to the agreement whereby one party was to surrender to defendant his claim against a certain estate, and in consideration thereof the defendant was to procure the release of a mortgage given by the first party's sister, the first party and his sister were properly joined as complainants, since both were interested in the relief sought; and a community of interest necessary to maintain a joint action does not necessarily mean equality or identity of interest.

**4. Reformation of instruments ⬉⬎3—Remedy at law held inadequate.**

Where a written contract, by mistake, required defendants to procure the release of a mortgage executed by one of the complainants when in fact the mortgage was executed by the other complainant, and there was no mortgage corresponding to the description in the contract, the remedy at law for breach of the contract is inadequate and does not prevent a suit to reform the contract.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by D. F. Sugg against James B. Burgin and another to reform a contract and to enforce its performance. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

The contract will be found fully set forth in the report of the former appeal in 204 Ala. 270, 85 South. 533.

On remandment the bill was amended so as to show that at the time of the execution of the contract Pauline Sugg owned certain described real estate in Ensley; that said real estate was the same real estate which is mentioned in said contract; that it was intended by the parties to said contract to refer to said real estate of Pauline Sugg; that D. F. Sugg had not borrowed any money from Brown and had not executed any mortgage, but that the facts were that Pauline Sugg had executed a mortgage to one Vann for $2,000 on this property which had been assigned to J. E. Brown, and that it was the purpose and intention of the parties to said contract that Burgin secure from D. F. Sugg a release of his lien and claim against the estate of said H. W. Crook, and in consideration of this relinquishment of his claim against the estate Burgin should procure the payment and satisfaction of the mortgage on the property of Pauline Sugg from J. E. Brown. The averment as to the mistake is as follows:

"Complainant avers that the immediate parties to the agreement, viz. complainant, D. F. Sugg, and respondent James B. Burgin, having arrived at a perfect mutual understanding as to what they mutually desired in the agreement in accordance with the facts herein above set forth, referred the matter to respondent, Burgin, a lawyer in active practice, and associated with J. Ellis Brown under the firm name of Burgin & Brown, and the contract set forth in this bill of complaint was drafted in the office of Burgin & Brown. In reducing said contract to writing, however, the mistake was made of stating that the indebtedness due the respondent J. E. Brown was an indebtedness of the complainant D. F. Sugg, and the further mistake was made of stating in said contract that the mortgage securing said indebtedness was on complainant D. F. Sugg's property, situated in the city of Ensley."

Burgin & Jenkins, of Birmingham, for appellants.

The courts of equity will not make a contract for the parties and then specifically enforce it. 181 Ala. 179, 61 South. 817; 103 Ala. 654, 16 South. 35. The averments were not sufficient to authorize reformation. 204 Ala. 270, 85 South. 533. The bill did not make a case for an accounting in equity. 96 Ala. 295, 11 South. 381, 38 Am. St. Rep. 94; 72 Ala. 68; 186 Ala. 310, 65 South. 209.

Weatherly, Birch, Chapman & Hickman, of Birmingham, for appellee.

The amendments met the deficiencies as pointed out on former appeal. 204 Ala. 270, 85 South. 533; 123 Ala. 164, 27 South. 401; 34 Cyc. 974. This was sufficient to give the bill equity, and the accounting was a mere incident.

ANDERSON, C. J. [1] This is the second appeal in this case. 204 Ala. 270, 85 South. 533. We think that the bill as last amended shows such a mutual mistake and with sufficient particularity as to give it equity as

for a reformation of the contract as made between D. F. Sugg and the respondent Burgin.

[2] The bill does not, of course, state such a complication of accounts, or other facts, that would give it equity as an independent bill for an accounting, but the accounting sought is a mere incident to the reformation and performance or enforcement of the contract.

[3] We do not think that the bill is defective as for a misjoinder of D. F. Sugg and his sister Pauline because of no community of interest, as they are both interested in the result. D. F. Sugg was the owner of the claim released against the Cook estate which formed in part the consideration for the ͵undertaking to satisfy the mortgage against his sister, and she is, of course, interested in having said mortgage satisfied. D. F. Sugg is also interested in the decree in case respondent fails to satisfy the mortgage. Community of interest as required for the maintenance of a joint action does not necessarily mean equality or identity of interest. Winter-Loeb Co. v. Boykin, ʃ'03 Ala. 187, 82 South. 437.

[4] The remedy at law in this case is not complete and adequate; for, unless the contract is reformed so as to apply to an existing mortgage—that is, the one given by Pauline Sugg to Vann and subsequently assigned to Brown—there can be no recovery for a breach of same as it provides for the payment and satisfaction of a mortgage which does not and did not exist.

The decree of the circuit court is affirmed. Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.