BURGIN et al. v. SUGG et al.    (6 Div. 894.)

(Supreme Court of Alabama.    May 17, 1923. Rehearing Denied June 30, 1923.)

1. Appeal and error ⬅76(1), 80(4)—"Final decree" settling rights of parties and supporting appeal not affected because reference ordered to state account.

A final decree which will support an appeal is one that ascertains and declares the rights of the parties to the suit and settles all equities of the case in which it is rendered, and the finality of such a decree is not affected, although a reference to the register to ascertain facts necessary for an account and to state an account between the parties has been ordered.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

2. Appeal and error ⬅356—Appeal not taken within statutory time will be dismissed.

Where an appeal is not taken within six months, as required by Gen. Acts 1919, p. 84, Gen. Acts 1915, p. 711, Code 1907, §§ 2855, 2868, the appeal will be dismissed.

3. Appeal and error ⬅875—Where no appeal taken from final decree ordering reference party aggrieved limited to appeal from decree rendered on register's report.

Where a final decree was rendered settling all the rights of the parties, but ordering a reference to state an account, and no appeal was taken from such final decree, a party aggrieved was thereafter remitted to any error in the decree rendered on the coming in of the register's report.

4. Appeal and error ⬅733—Assignment of error held sufficiently definite.

An assignment that "the court erred in its decree of August 18, 1922, ordering a change and decreeing that the complainant have and recover of respondent $1,696.12 and the costs accrued in the cause," held not subject to be stricken as indefinite.

5. Judgment ⬅24—Judgment may be made perfect by reference to pleadings or docket entries.

Every judgment must either be perfect in itself or capable of being made perfect by reference to the pleadings or to the papers on file in the cause, or to other pertinent entries on the court docket.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by D. F. Sugg and Pauline Sugg against James B. Burgin and J. E. Brown. From the decree respondents appeal. Affirmed.

For a statement of the case, see 204 Ala. 270, 85 South. 533; 205 Ala. 664, 89 South. 31.

On submission of the appeal, appellee moved that assignments of error relating to the decree of June 24, 1922, be stricken, because the appeal was taken more than six

months thereafter, and moved to strike the third assignment for indefiniteness. The third assignment is as follows:

"The court erred in its decree of August 18, 1922, ordering, adjudging, and decreeing that the complainant have and recover of respondent $1.696.12 and the costs accrued in the cause."

W. A. Jenkins, of Birmingham, for appellants.

To authorize the reformation of a contract the proof must be clear and exact to the effect that the writing does not express the intention of the parties. Lipham v. Shamblee, 205 Ala. 498, 88 South. 569; Fowler v. Stacey, 207 Ala. 151, 92 South. 120; Holland Blow Stave Co. v. Barclay, 193 Ala. 200, 69 South. 118; White v. Henderson-Boyd Co., 165 Ala. 218, 51 South. 764; Hertzler v. Stevens, 119 Ala. 337, 24 South. 522; Campbell v. Hatchett, 55 Ala. 548. A money decree, in a cause where there are two complainants, in favor of "the complainant," without designating which complainant is affected with error for uncertainty. 21 C. J. 658; M. & C. P. R. Co. v. Talman, 15 Ala. 472; Spence v. Simmons, 16 Ala. 828; Flack v. Andrews, 86 Ala. 397, 5 South. 452; Gill v. More, 200 Ala. 511, 76 South. 453.

Weatherly, Birch & Hickman, of Birmingham, for appellees.

A final decree is one that settles all the equities in the case, and the finality of such a decree is not affected by a reference to the register to ascertain facts necessary for an account. Adams v. Sayre, 76 Ala. 509; Zimmerman v. Pugh (Ala. Sup.) 39 South. 989; Wynn v. Tallapoosa Bank, 168 Ala. 469, 53 South. 228. No appeal from the decree of June 24, 1922, being taken within the time prescribed by law, the appellant is remitted to error in the August decree. Foley v. Leva, 101 Ala. 395, 13 South. 747; Alexander v. Bates, 127 Ala. 328, 28 South. 415; Kirkland v. Mills, 138 Ala. 192, 35 South. 40; Hodnett v. Blankenship, 151 Ala. 213, 44 South. 376; Gainer v. Jones, 176 Ala. 408, 58 South. 288.

THOMAS, J. The former reports of appeals in this case are Burgin v. Sugg, 204 Ala. 270, 85 South. 533, and Burgin v. Sugg, 205 Ala. 664, 89 South. 31.

The amended bill of the respective parties at interest was brought in on pleading and proof, and final decree rendered June 24, 1922, settling the equities of the case in favor of the complainants, and ordering a reference by the register to ascertain and report the amount of the indebtedness. This was done on July 1 thereafter, fixing the amount of such indebtedness at $1,891.48; in this amount was included the sum of $195.36, as interest paid by D. F. Sugg on the Van-Brown mortgage. Exception was filed to the register's report for the allowance of this item, and the report was not otherwise questioned. On August 18, 1922, the court sustained that exception to the register's report and the item of interest, to wit, $195.36, was eliminated. In other respects the report was confirmed, and it was decreed:

"* * * That the complainant have and recover of the respondent said sum of one thousand six hundred ninety-six dollars and twelve cents ($1,696.12) and the costs accrued in the above-entitled cause," etc. (Italics supplied.)

More than six months after the rendition of the final decree on June 24, 1922, settling the merits of the case, the appellant filed supersedeas bond (on February 13, 1923), in favor of D. F. Sugg, reciting therein that—

"James B. Burgin has this day applied for and obtained an appeal, returnable to the next term of the Supreme Court of Alabama, to supersede and reverse a decree recovered by said D. F. Sugg against the said James B. Burgin at the present term of the circuit court. * * *"

The citation of appeal was directed to D. F. Sugg or his attorneys of record, and no mention was made therein of any other party "in the cause of D. F. Sugg, against James B. Burgin et al.," from which decree the appeal was said to be taken.

[1] Under a long line of decisions there can be no doubt that the decree of June 24, 1922, was a final decree, settling the equities of the parties, from which the appeal may be taken. Ex parte Elyton Land Co., 104 Ala. 88, 15 South. 939; De Graffenried v. Breitling, 192 Ala. 254, 68 South. 265; Adams v. Sayre, 76 Ala. 509; Cochran v. Miller, 74 Ala. 50; Kimbrell v. Rogers, 90 Ala. 339, 7 South. 241; McClurkin v. McClurkin, 206 Ala. 513, 90 South. 917. That is to say, a final decree which will, under the statute, support an appeal, is one that ascertains and declares the rights of the parties to the suit, and settles all equities of the case in which it is rendered, "and the finality of such a decree is not affected, although there may be ordered at the same time a reference to the register to ascertain facts necessary for an account, and to state an account between the parties." De Graffenried v. Breitling, 192 Ala. 254, 260, 68 South. 265, 267; Wynn v. Tallapoosa County Bank, 168 Ala. 469, 482, 53 South. 228; Adams v. Sayre, 76 Ala. 509, 517; Peters v. Chas. Schuessler & Sons, 208 Ala. 627, 95 South. 26; Zimmerman v. Pugh (Ala. Sup.) 39 South. 989; Hendrix v. Francis, 203 Ala. 342, 83 South. 66; McCalley v. Finney, 198 Ala. 462, 73 South. 639.

If therefore the decree of June 24, 1922, was the final decree from which the appeal should be taken within the purview of decisions bearing on the question, the time within which such appeal may be prosecuted to this court is six months from the date

thereof. Gen. Acts 1919, p. 84; Gen. Acts 1915, p. 711; Code 1907, §§ 2855, 2868. The citation of appeal recites that—

"Whereas, on the 13th day of February, 1923, James B. Burgin et al. took an appeal from the decree rendered on the 18th day of August, *1923*, by the circuit court of Jefferson county, in the cause of D. F. Sugg against James B. Burgin et al." (Italics supplied.)

[2] However, the appeal was taken when the supersedeas bond was lodged with the register, if thereafter approved by that official, which appears to have been February 13, 1923. Jacobs v. Goodwater Graphite Co., 205 Ala. 112, 87 South. 363; Ory-Cohen v. Taylor, 208 Ala. 520, 94 South. 525. If not taken within the time prescribed by law, it is jurisdictional and must be dismissed. Walden v. Leach, 201 Ala. 475, 78 South. 381.

The only exception taken to the "register's report" was sustained by the chancellor ordering the elimination of the item of interest, to wit, $195.36. The appeal taken on February 13, 1923, was more than six months after the rendition of the decree of June 24, 1922, settling the equities of the case and the respective merits of the insistences of the parties. The motion is granted as to the assignments of error based on the rendition of the decree of date June 24, 1922.

[3] As no appeal was taken within the time prescribed by law from the decree of date June 24, 1922, appellant is remitted to any error in the decree of August 18, 1922, rendered on the coming in of the register's report and eliminating the item of interest indicated, and in other aspects confirming that report for the sum of $1,696.12. Gainer v. Jones, 176 Ala. 408, 58 South. 288; McCalley v. Finney, 198 Ala. 462, 73 South. 639; Hodnett v. Blankenship, 151 Ala. 213, 44 South. 376; Kirkland v. Mills, 138 Ala. 192, 194, 35 South. 40; Alexander v. Bates, 127 Ala. 328, 342, 28 South. 415. In Foley v. Leva, 101 Ala. 395, 13 South. 747, Mr. Justice Haralson said:

"The decree rendered in this cause [settling the merits] * * * was a final decree, which settled all the equities of the bill as between the complainants and defendants. The account ordered was in accordance with the opinion and decree of the court, and looked merely to the perfecting of the decree. To the extent of settling the equities between the parties, it was final, and as to the matter of the taking of the account, it was interlocutory. * * * The decree, being final, was subject to review on appeal to this court [if taken within the time prescribed by law from the rendition thereof]; * * * and no appeal having been taken from it, until the 19th day of April, 1892, it was barred at the time taken, and cannot now be reviewed." Dickens v. Dickens, 174 Ala. 345, 353, 56 South. 809.

In Hodnett v. Blankenship, supra, Mr. Justice Dowdell said:

"The appeal in this case is prosecuted from a decree rendered on the 5th day of December, 1906. It appears from the record that a final decree was rendered in the cause on the 6th day of June, 1905, in which the rights and equities of the parties were settled. More than 12 months elapsed from the rendition of this decree to the suing out of the appeal. The decree appealed from was but the carrying into execution the former decree. The appeal having been sued out after the expiration of 12 months from the rendition of the decree, neither the decree itself, nor any interlocutory order or decree rendered prior thereto, can be reviewed. * * * It follows that the decree appealed from, since it does nothing more than to carry into execution the former decree, in which all questions insisted on by the appellant were settled between the parties, must be affirmed."

[4] It was proper by the motion to strike the assignments of error bearing upon the rendition of the final decree of June 24, 1922, as supported by Foley v. Leva, 101 Ala. 395, 399, 13 South. 747, and authorities there cited, Stoudenmire v. De Bardelaben, 85 Ala. 85, 4 South. 723; Kimbrell v. Rogers, 90 Ala. 339, 346, 7 South. 241, and Cochran v. Miller, 74 Ala. 50. The motion to strike out the errors (Nos. 1 and 2) assigned and based on the decree of June 24, 1922, is granted. The third assignment of error is sufficiently definite, and as to this the motion is overruled.

[5] It is contended that the decree of August 18, 1922, was uncertain, in that it did not declare in whose favor the decree was rendered. Pauline Sugg is not complaining of any alleged uncertainty therein. She is not protected by the supersedeas bond made by appellant and his sureties in which they are "held and firmly bound unto D. F. Sugg," etc. She is not concerned in the disposition of the moneys so decreed to be paid to "the complainant." It cannot be said that the respondent Burgin would not be absolved if he paid the amount so decreed into the registry of the court, or that the surety on his supersedeas bond would not likewise be absolved if such payment is so made upon affirmance by this court of the decree of the circuit court. All question of doubt as to whether "the complainant" in the decree was D. F. Sugg is dissipated by reference to the pleadings.

In Flack v. Andrews, 86 Ala. 395, 5 South. 452, it is said:

"The rule is correctly stated in Alexander v. Wheeler, 69 Ala. 332, * * *, 'that every judgment of a court of justice must either be perfect in itself, or capable of being made perfect by reference to the pleadings, or to the papers on file in the cause, or else to other pertinent entries on the court docket.'"

This rule has been followed in Clinton Mining Co. v. Bradford, 200 Ala. 308, 312, 76 South. 74; Kyle v. Caravello, 103 Ala. 150, 15 South. 527; McDaniel v. Johnston, 110 Ala. 526, 19 South. 35; Collins & Co. v. Hyslop &

Co., 11 Ala. 508; Simmons v. Sharpe, 138 Ala. 451, 35 South. 415; Id., 148 Ala. 217, 42 South. 441; Smith v. Smith, 247 Fed. 461, 159 C. C. A. 515. When so referred, there is no uncertainty as to whom the register of the court will disburse the funds so paid under the decree. The decree of the court, on sustaining the demurrers to that aspect of the bill for specific performance, eliminated as parties in interest both J. E. Brown and Pauline Sugg. The demurrer of Burgin to the aspect of the bill seeking reformation of the contract was sustained, and the cause was heard and submitted on the bill with the specific performance clause stricken therefrom. Respondent Brown was not a further interested party. The only possible interest Pauline Sugg could have in the bill was the specific performance of the contract as corrected, which would result in the satisfaction of the record of the mortgage against her property. If the contract as reformed was not to be specifically performed, as prayed, the only complainant who could have any interest in the litigation was D. F. Sugg, and in the recovery of a money judgment on account of the breach of Burgin of the contract. It results that, under no phase of the case could Pauline Sugg have recovered a money judgment against Burgin on account of the breach of the contract between Burgin and D. F. Sugg.

The foregoing is the law and justice of the case. The said D. F. Sugg has paid to the appellant a large sum, about $1,750, and the latter has only reduced the principal of the mortgage indebtedness in question by the sum of $125. It is not possible that a court of equity will deny complainant D. F. Sugg the relief granted him by the decree and as was corrected (in the interlocutory decree) on hearing of the only exceptions reserved to the register's report.

The decree of the circuit court, in equity, for $1,696.12, is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.