# Simmons *v.* Sharpe.

*Proceedings for a Sale under Execution.*

1.  *Vacation of sale under execution; when granted for inadequacy of price.*—Before a sale under an execution issued upon a

judgment can be vacated for inadequacy of price bid at said sale, the inadequacy must be so glaring and gross as at once to shock the understanding and conscience of an honest and just man.

2.  *Judgment; sufficiency of judgment entry to support execution.* Where, in a judgment entry, the plaintiffs, in whose favor the judgment is rendered, are described as a partnership without setting out the individual names, but the complaint sets out the individuals as partners doing business under the firm name as described in the judgment, such judgment is not avoided by reason of its failure to set out the names of the individuals composing the partnership.

3.  *Same; same.*—When a judgment entry which, after setting out the verdict of the jury in favor of the plaintiffs, then recites, "It is, therefore, considered by the court that the plaintiffs have and recover of the defendant," etc., while somewhat informal, is sufficient to support an execution.


APPEAL from the Circuit Court of Marengo.

Tried before the Hon. JOHN C. ANDERSON.

The proceedings in this case were had upon a motion filed by the appellant, R. L. Simmons, to set aside and vacate a sale made by the sheriff of certain lands as the property of the movant, under the levy of an execution issued upon a judgment recovered against the defendant in a suit brought by the partnership of which the appellee was a member. There were five grounds of the motion, as follows: 1. The inadequacy of the price bid by the respondent. 2. That the return of the sheriff failed to show that all the personal property of the defendant was exhausted. 3. That the first sale not having been set aside at the time of the second sale, no one would bid for the property. 4. That the judgment recovered against the movant was void, because it was a judgment in favor of the partnership, and the individual names were not set out in the judgment entry, and such judgment entry failed to show an adjudication by the court. 5. That the judgment was procured in favor of A. Y. Sharpe & Son and the execution was issued in favor of said partnership, but before the execution was issued the partnership was dissolved. In addition to the other evidence introduced, as set forth in the opinion, the movant introduced the judgment entry in said

cause, in which the parties to the suit were described as follows: "A. Y. Sharpe & Sons v. R. L. Simmons." Such judgment entry after setting out the return of the verdict by the jury proceeded as follows: "It is, therefore, considered by the court that the plaintiffs have and recover of the defendant," etc. The respondents to the motion introduced the complaint filed in the cause upon which the judgment upon which the execution was issued was rendered, in which complaint the parties plaintiff were described as follows: "A. Y. Sharpe and G. G. Sharpe, partners, doing business under the firm name and style of A. Y. Sharpe & Son."

Upon the introduction of all the evidence the court overruled the motion to vacate said sale, and to this ruling the movant duly excepted. The movant prosecutes the present appeal, and assigns as error the overruling of the motion to vacate said sale.

MILLER & HERBERT, for appellants, cited *Moore v. Burns,* 60 Ala. 269; *Compton v. Smith,* 120 Ala. 233; *Simmons v. Titche,* 102 Ala. 317; *Anniston Pipe Works v. Williams,* 106 Ala. 324.

TAYLOR & ELMORE, *contra.*—No mere inadequacy of price should be sufficient to set aside a sale of lands subject to a mortgage.—*Kelly v. Longshore,* 78 Ala. 203; *White v. Farley,* 81 Ala. 563-568; *Rays, Admr. v. Womble,* 56 Ala. 32-39.

The complaint should be looked to in passing on the judgment, and if the names of the partners appear in the complaint it will be sufficient.—3 Mayfield, 1139, § 101; *McDaniel v. Johnston,* 110 Ala. 526-532; *Simmons v. Titche,* 102 Ala. 317; *Collins & Co. v. Hyslop & Son,* 11 Ala. 508.

The judgment entry was sufficient to support the execution.—*Gray v. State,* 55 Ala. 86; *McDonald v. Ala. Mid. R. Co.,* 123 Ala. 227.

TYSON, J.—The appeal is prosecuted from an order denying a motion to vacate a sale under execution of certain lands belonging to the defendant in execution had on the 9th day of March, 1903, and purchased by

one of the plaintiffs in execution. The motion contains a number of grounds. But the only one that we regard as meritorious is that the price bid was inadequate.

The trial was had upon affidavits and written documents. It appears that an execution was issued upon the judgment on the 17th day of May, 1902, and levied upon these lands. That they were sold *en masse* on the 3d day of November, and bid in by one of the plaintiffs in execution at $80.00. The sheriff, however, declined to accept the bid and the levy was dismissed.

On the 18th day of December, 1903, an *alias* execution was issued. It was under this execution that the sale was made which is sought by this proceeding to be vacated.

The lands were sold in parcels, and the price bid was $140.00. They are shown to be worth about $6,000. The defendant in the motion simply relies on the fact that there are outstanding mortgages, aggregating the sum of $5,330. These mortgages, however, do not convey all the lands levied upon. A careful comparison between the description of the lands levied upon and those conveyed by the mortgages show that there is about two hundred acres of land which is not embraced in the mortgages. The value of this land according to the undisputed testimony, is $1,000. We have, then, assuming the lien of the mortgages to be superior to that of the execution, the purchaser acquiring an unincumbered title to this two hundred acres, and the equity of redemption in about twelve hundred acres for the sum of $140.00.

But it cannot be assumed that the lien of the mortgages are superior to the lien of the plaintiffs in execution. Those mortgages are not shown to be of record, nor does it appear that the purchasers had actual notice of them. But however this may be, it is affirmatively shown that the lien of the execution is superior, as to more than 400 acres of the lands, to the lien of the mortgage. So, then, we have the purchaser acquiring an unincumbered title, not as his counsel contend a mere equity of redemption, to at least two thousand dollars worth of land and the equity of redemption in the balance at and for the price of $140.00.

[Stephens v. Head.]

Upon the principle declared in *Henderson v. Sublett,* 21 Ala. 626, which was reaffirmed in *Lankford v. Jackson,* Ib. 650, we are constrained to hold that the sale should be vacated on account of inadequacy of price. The rule there declared is "that every inadequacy of price will not be sufficient to set aside a sale of lands under execution; but when the inadequacy is so glaring and gross, as at once to shock the understanding and conscience of an honest and just man, it will, of itself, authorize the court to set aside the sale."

The judgment entry does not set out the names of the parties nor the capacity in which the plaintiffs sued. Consulting the complaint, as we have a right to do, it is clear that the action is by the plaintiffs as individuals and not as a partnership.—*Flack v. Andrews,* 86 Ala. 395. The judgment entry while somewhat informal is sufficient to support an execution.

Reversed and remanded.