(78 South. 904)

DANFORTH v. BURCHFIELD.    (6 Div. 754.)

(Supreme Court of Alabama.    April 18, 1918. Rehearing Denied May 30, 1918.)

1. APPEAL AND ERROR ☞1040(1)—OVERRULING DEMURRER—PREJUDICIAL ERROR.

Although a motion to set aside a sale of movant's land under an execution for court costs was technically deficient for not showing the grossness of the price inadequacy complained of, by averring the value of the property sold, the overruling of a demurrer thereto was not prejudicial error, where the motion was tried on its merits.

2. EXECUTION ☞253(1) — SETTING ASIDE SALE—PLEADING.

In proceeding under Code 1907, § 4134, to set aside execution sales for oppression, irregularity, etc., the technical precision required of pleaders in more formal proceedings is not required.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. EXECUTION ☞253(1) — SETTING ASIDE SALE—IMMATERIAL VARIANCE.**

In proceeding under Code 1907, § 4134, to set aside an execution sale of land, it was not fatal to the relief prayed that immaterial or unnecessary allegations in the motion were not proved as alleged.

**4. EXECUTION ☞253(1) — SETTING ASIDE SALE—EX PARTE AFFIDAVITS.**

In proceeding under Code 1907, § 4134, to set aside execution sales, practice sanctions the use of ex parte affidavits.

**5. EXECUTION ☞251(1) — SETTING ASIDE SALE—GROUNDS.**

Mere inadequacy of price is no ground for setting aside an execution sale, but, when the inadequacy is so glaring and gross as at once to shock understanding and conscience of an honest and just man, it will, of itself, authorize the court to set aside the sale.

**6. EXECUTION ☞251(1) — SETTING ASIDE SALE—DISCRETION.**

Where a sheriff levied on and sold for $159 over 100 acres of land, shown to be worth $12.50 to $15 an acre, the court did not abuse discretion in setting aside sale.

**7. EXECUTION ☞253(1) — SETTING ASIDE SALE—PROOF OF OWNERSHIP.**

Since the party who claims the land under an execution sale is estopped from denying that it is in fact the property of defendant in execution, it is unnecessary, in proceeding under Code 1907, § 4134, to set aside sale, for movant to offer evidence on the question of ownership.

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Suit for trespass to realty by Press Burchfield against A. T. Danforth. There was judgment for defendant, and later an execution for costs was issued against plaintiff and levied upon certain land. Sale was had, and the land bought by defendant. Plaintiff's motion to set aside and vacate sale granted, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

L. J. Cox, of Phœnix, Ariz., for appellant. Harsh, Harsh & Harsh and David J. Davis, all of Birmingham, for appellee.

SOMERVILLE, J. The proceeding before us for appellate review is a motion to vacate and set aside a sale of the movant's lands under an execution for the collection of court costs amounting to $144; the purchaser being the successful defendant. The motion was submitted on affidavits, and the trial court granted the motion. It appears that the sheriff levied on and sold for $159 something over 100 acres of land, shown to be worth $12.50 to $15 an acre, and that movant is an aged negro, who cannot read or write.

[1] The motion is based upon the allegation that the sale "is infected with oppression, irregularity, fraud, or error"; but the only specific allegation is that it was "oppressive to him, in that said land sold for an amount grossly inadequate to its real value." Our Code (section 4134) declares:

"Courts have full power over their officers making execution sales, and whenever satisfied that a sale made under process is infected with fraud, oppression, irregularity, or error to the injury of either party, the sale will be set aside."

[2] No doubt the motion is technically deficient in not showing the grossness of the price inadequacy complained of by averring the value of the property sold. Allen v. Allen, 80 Ala. 154. But we think the purpose of the statute is not to require in such proceedings the technical precision exacted of pleaders in more formal proceedings, and we think the overruling of respondent's demurrer to this motion, as to this ground, was not prejudicial error as the matter was tried on its merits.

[3] Nor is it fatal to the relief prayed that immaterial or unnecessary allegations in the motion are not proved as alleged.

[4] In proceedings of this character our practice has always sanctioned the use of ex parte affidavits, as the cases all show. See, for example, Simmons v. Sharpe, 138 Ala. 451, 35 South. 415.

[5] It is, of course, well settled that mere inadequacy of price is no ground for setting aside an execution sale. "But, when the inadequacy is so glaring and gross as at once to shock the understanding and conscience of an honest and just man, it will, of itself, authorize the court to set aside the sale." Henderson v. Sublett, 21 Ala. 626, cited and approved in Simmons v. Sharpe, 138 Ala. 451, 35 South. 415.

[6] On the facts presented by the record it does not appear that the large measure of discretion intrusted to trial courts in these cases has been abused in the conclusion here reached, and we do not feel justified in controlling and directing that discretion to a different result.

[7] So far as the ownership of the property is concerned, the party who claims it under the execution sale is manifestly estopped from denying that it is in fact the property of the defendant in execution. It was therefore not necessary for the movant to offer evidence on that question.

Let the judgment and order of the circuit court be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.