(123 So. 220)

**WOODALL et al. v. ORR.** (6 Div. 349.)

Supreme Court of Alabama. June 27, 1929.

Wilkinson & Burton and Hollis O. Black, all of Birmingham, for appellant.

Satterwhite, Walden & Cato, of Birmingham, for appellee.

GARDNER, J. The appeal is from a decree overruling demurrer to the bill as amended.

The bill is filed upon the theory that the sale of real estate, here involved, under de-

cree of the court in another separate and distinct proceeding, has affected injuriously to complainant the legal title thereto. The sale complained of was by the register under decree of the equity court, but there is nothing in the bill indicating that such sale was ever reported to and confirmed by the court, or that any deed was executed thereunder.

Following the unvarying rule that pleading is to be construed most strongly against the pleader, it must here be assumed there has been no report and confirmation of said sale. This was a strictly judicial sale wherein the court was, in legal effect, the seller, and until confirmation, is incomplete, and confers no title either legal or equitable. McEachin v. Warren, 92 Ala. 554, 9 So. 197; Aderholt v. Henry, 82 Ala. 541, 30 So. 114; Witter v. Dudley, 42 Ala. 616; Mobile Branch Bank v. Hunt, 8 Ala. 876; Cruikshank v. Luttrell, 67 Ala. 318; Patten v. Swope, 204 Ala. 169, 85 So. 513; 16 R. C. L. p. 114 et seq.

Assuming, therefore, that the matter of said sale is still pending in the cause referred to, and no confirmation thereof, the remedy of any interested party to vacate the same is by petition to that end in that cause, as stated in Aderholt v. Henry, supra, in the following language: "But, when there is some impropriety or irregularity attending the sale, affecting its fairness, or surprise or misapprehension caused by the conduct of the purchaser, or misconduct on his part, or on the part of any person connected therewith; or when the sale is conducted in violation of the decree, or in disregard of the rights and interests of some of the parties; or, when from any cause it would be inequitable to permit it to stand, it becomes the duty of the court, on settled principles, to vacate the sale, though a conveyance may have been made, upon proper application, before confirmation, in the suit in which the sale was made. In such case, a petition to vacate the sale, by a party in interest, is an appropriate proceeding by a proper party."

So far as appears from the averments of the bill, this remedy is open to complainant upon questions of objections to the sale for any inadequacy of price or excess of authority of the register as alleged therein. We are not of the view the equity of the bill may be rested upon these considerations.

There is no pretense that the bill is one to quiet title under the statute or to remove a cloud on title, as complainant is not alleged to be in possession. There is a prayer for a sale of the land for division, but there is shown no tenancy in common, for under the assumption above indicated respondent has acquired no title either legal or equitable.

It results, therefore, in the present condition of the pleadings we must pronounce the amended bill without equity, and that the demurrer thereto should have been sustained.

Let the decree be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.