140 So. 345

### WOOD v. CANTRELL.
### 6 Div. 25.

Supreme Court of Alabama.
March 10, 1932.

Ernest B. Fite and C. E. Mitchell, both of Hamilton, for appellant.

Wm. L. Chenault, of Russellville, for appellee.

**BOULDIN, J.**

Broadly speaking, the bill, filed by Jane Cantrell, is to reclaim the property left by her deceased husband from respondent, J. H. Wood, who holds and claims under the will of the husband. The appeal is to review a decree overruling demurrers to the amended bill.

In substance the case made by the bill as last amended is this:

In November, 1927, D. A. Cantrell and his wife, Jane Cantrell, had become old and feeble. They had no children nor descendents of children. They resided upon an 80-acre tract of land owned by the husband in Marion county. He also owned some personal property.

On above date he executed his will.

Item 3 of the will reads: "I have made an agreement with my friend, J. H. Wood, to take care of me and my wife, Jane Cantrell, so long as either of us may live. That is that he will see after us or have it done so long as we may live for what property we have of every kind and description, he to get possession after our death. And it is hereby agreed by myself and my said wife that unless J. H. Wood does see after us properly until our death, then he shall not receive our property under this will."

By item 4 he devised and bequeathed to J. H. Wood the 80 acres of land, describing it, with all other lands and property of every kind owned by him at his death "under the agreement set out in paragraph 3 of this will." Item 4 further says: "I understand that this will is not binding on me until I die and the will has been probated. This is what I understand to be my rights. I do not understand that the making of this will makes me any the less the owner of my property that I now own or that I may hereafter acquire."

Item 5 reads: "It is my will that my wife, Jane Cantrell shall be cared for by J. H. Wood at the present time and as long as she may live. I have the confidence in J. H. Wood that he will care for her properly as long as she may live, and if he should fail to do this, then I want my property taken away from J. H. Wood and turned over to my wife, or a Trustee for her and on her behalf."

J. H. Wood was named executor, with power to convey real estate. He was charged with the duty to expend $200 on the family graves, if money or property to that amount remained after testator's death. A further item declared, "J. H. Wood shall not have my property unless he takes reasonable care of me and my wife so long as we may live," and closed with a statement to the effect that if J. H. Wood did not care for testator and his wife as long as they lived, the will should be void.

Some sixteen months after this will was made, the testator died leaving his homestead, some $700 in money, and household effects. The will was duly admitted to probate.

The bill then charges that for twelve months after the will was probated the respondent lived up to his obligations to support and care for complainant; that she was lulled into acquiescence and failed to dissent from the will, but that thereafter respondent failed to properly support and care for her so that she could not longer stay in his home, and he had ceased to care for and support her at the time of filing the bill.

Another paragraph sets up that the lands were the homestead of the husband at the time of his death, that complainant had never conveyed away her homestead right as widow, and "said will was therefore null and void."

The prayer runs thus:

" * * * That upon the final hearing of this cause this court will make and enter a decree canceling said will as a cloud on the title of this complainant, and that the same be set aside and held for naught, and that the court will ascertain the amount of money and personal property received by the respondent, and that a personal judgment be rendered against him in favor of this complainant for the same.

"The complainant prays for all other relief to which she is entitled under the facts in this case, whether specially prayed for or not, and she prays for general relief, and will ever pray."

Appellant takes the position that not having contested the will, nor dissented therefrom, within the time prescribed by law, and the statute, Code, § 8046, giving the grantor an election to avoid conveyances of this character having no application to wills, the present bill is without equity.

Appellee replies that the homestead and exemption rights are not affected by a will, and no dissent is necessary.

 This is the long-established law of Alabama. But there is no occasion to cancel the will, nor devises therein, to protect exemption rights. The devise or bequest, general or special, is made subject to the claim of the widow to homestead and personal exemptions by force of law, and the judicial allotment of same suffices to remove any cloud thereon by virtue of the will. The bill nowhere avers the value of the lands at the date of decedent's death. As a bill to effectuate exemption rights and for an accounting, it is, therefore, defective.

 The stronger position presented by appellee's brief is in the doctrine that grants or devises of this character are burdened with a condition subsequent and subject to cancellation for breach of the condition by failure to furnish the future support and care required, the document declaring it shall be void in such event. Sherill et ux. v. Sherill et al., 211 Ala. 105, 99 So. 838.

We have set out the provisions of the will as well as averments and prayer of the bill rather fully, to bring to view the controlling principles of this case.

Stripped of the unnecessary averments touching failure to dissent, or touching complainant's right of exemptions, the equity of the bill is to be found in its substantial allegations of fact.

The testator first provided for the payment of debts, the expenditure of $200 on the family graves at his death, and the erection of a suitable monument at his wife's grave on her death.

Nothing is clearer than the intent of the testator, oft expressed, was to give the residue of the estate to Mr. Wood only on condition that he support and properly care for his widow so long as she survives.

Some expressions, notably the last clause, declare "this will to be void" for nonperformance of this obligation. This expression is inapt taken in connection with the whole. Likewise, the prayer of the bill is inapt in asking that the will be set aside and held for naught as a cloud on complainant's title.

 The proper relief is to declare the devise and bequest forfeit and void according to the express terms of the will.

 The will does not charge the property with a trust in favor of the wife, but charges the devisee with a personal trust to support and properly care for his widow in her old age; and failing therein he says: "I want my property taken away from J. H. Wood and turned over to my wife, or a trustee for her and on her behalf." This is, in effect, a devise over to the wife, with request to appoint a trustee for her, if need be, in case the defeasible estate to Wood should fail.

 The court of equity may and should, if the averments of the bill be true, grant the precise relief this testator asked in the will itself. A bill is not demurrable because it prays too much. If under the averments of the bill complainant is entitled to relief of the character prayed, the court under the general prayer will mold the relief to meet the equities as they appear. While the more apt prayer would be to cancel and hold for naught the devise and bequest for breach of the condition, this is of the character of relief sought, and may be awarded under the general prayer.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.