71 So.2d 275

## COX v. COX.

### 6 Div. 513.

Supreme Court of Alabama.

March 25, 1954.

Finis E. St. John, Cullman, for appellant.

Johnson & Randall, Oneonta, for appellee.

GOODWYN, Justice.

Appeal by complainant from interlocutory decree overruling demurrer to cross-bill.

On September 8, 1950, appellee (wife) filed a bill for divorce against appellant in the circuit court of Blount County, in equity. On December 26, 1950, a decree was rendered by that court granting appellee a divorce and awarding her custody of the parties' two minor children and vesting in her "the title possession of the Chevrolet

automobile"; also certain household and personal items. In addition, appellant was ordered to pay appellee alimony in the amount of $2,500, within thirty days, together with solicitor's fees in the amount of $600, to be taxed as costs, and $75 per month for the education, support and care of the two minor children. The decree also provided "that all the several amounts herein decreed to be paid by Respondent shall be a lien on the lands of Respondent" described in the bill for divorce. .

In response to a motion by appellant, the decree was modified on January 12, 1951, by changing the allowance of $75 per month for the minors to a flat $600 per year payable each year on or before January 10th, and by further providing that "such sums shall not be a lien on the property of Respondent".

On February 13, 1951, a decree was rendered directing the register to sell the lands described in the divorce decree to satisfy the sums decreed against appellant and further providing that in event sufficient funds should not be realized from such sale to satisfy the decree, the register was to issue execution commanding the sheriff to levy on any other lands of appellant in Blount County for the purpose of satisfying said decree. Pursuant to this directive the register, on March 12, 1951, sold the lands of appellant described in the divorce decree. At the sale, appellee became the purchaser for $1,500. Following this sale, the register issued execution commanding the sheriff to levy on the lands and property of the appellant, whereupon the sheriff made his return, describing the lands sold by him, and reciting that he sold said lands on May 7, 1951, to the appellee, who was the highest and best bidder for $1,000. These amounts were credited to the appellant in satisfaction of a part of the sums decreed against him.

Appellant filed the present bill seeking to have the above sales set aside or, in the alternative, to redeem from the sales. After rulings against appellee on her motion to dismiss the bill and her demurrer to the bill, she filed her answer and cross-bill. It

is alleged in the cross-bill that "the court awarded to your cross-complainant the Chevrolet automobile described in said divorce decree; and at the time of the rendition of said decree there was an unpaid mortgage on said automobile owned by the Citizens Bank of Oneonta for $938.00; and that before she could get said automobile she was required to pay said Citizens Bank's mortgage for the full amount of $938.00, and in the event said land is redeemed from said sales, or that the said sales should be set aside the said E. E. Cox should be required to pay the amount of said mortgage to cross-complainant, and claim is hereby made for the said $938.00".

Appellee also seeks to have the court "ascertain the amount of all liens and encumbrances against said land and require the same to be paid and also require the complainant to pay the $2500.00 permanent alimony with the interest as hereinabove set out, the $600.00 attorney's fee with the interest thereon from the rendition of said decree, and also the $600.00 for the support and maintenance and education of said children together with interest thereon at the rates hereinabove set out"; and that the court "render a decree fixing a lien on all of said real estate, as security to guarantee the payment of the said $600.00 per year for the support and education of the children of the parties to this suit."

Appellant's demurrer to the cross-bill was overruled. It is from that action that this appeal is taken.

As here argued, there are two points presented for review, viz.:

I. Is appellant liable to appellee for the $938 she paid on the automobile mortgage, and, if so, is said sum a lawful charge against appellant on redemption of the lands? (Having concluded, as will hereinafter appear, that appellee has no claim against appellant for said sum, it necessarily follows that, on redemption, there can be no lawful charge based thereon.)

II. The appropriateness, by cross-bill in this proceeding, of fixing a lien on the lands

to secure payment of future-due installments of the $600 yearly allowance for the support and maintenance of the children.

## I.

■ In the decree awarding the automobile to appellee, no mention was made of any mortgage or other lien against it. The decree provided only that "the title possession of the Chevrolet automobile" be vested in appellee. The question then arises, Was the effect of this to require appellant to pay off all encumbrances then existing against the automobile? We think not. As we view it, the effect was to transfer to appellee all of the right, title and interest which appellant had in the automobile at the time of the decree. That means, of course, subject to any valid encumbrance. Frazier v. Espalla, 220 Ala. 446, 448, 125 So. 611, 612. In the Frazier case there was involved the title to certain real estate which had been awarded to the wife incident to a decree of divorce in her favor. It appears that a mortgage had been executed on the property prior to the award. An examination of the original record in that case discloses that the award made was as follows:

"* * * this court does, therefore, render its decree for permanent alimony in favor of complainant Pauline Frazier against the respondent Arthur Frazier, and does hereby vest in her the title in fee simple in and to the said lot 16 of Wilson's Ninth Addition, hereinbefore described, and set apart same to her as permanent alimony in this cause."

With reference to that decree, we had this to say:

"The effect of this decree was to transfer to her [Pauline Frazier] all of the right, title, and interest which Arthur Frazier had *at that time;* that is to say, the decree of the equity court gave Pauline Frazier the property in litigation, *subject to the mortgage* * * *."

## II.

Equity Rule 26, Code 1940, Tit. 7 Appendix, provides as follows:

"A defendant may obtain relief against a party plaintiff or defendant for any cause *connected with or growing out of the bill,* by alleging in his answer, and as a part thereof, the facts upon which such relief is prayed. The matters or facts thus alleged must be considered in the nature of a cross-bill and be heard at the same time as the original bill. * * *" [Emphasis supplied.]

■ The question then arises, Is the fixing of a lien on the lands to secure the future due maintenance installments "connected with or growing out of the bill"; that is to say, is it germane to the original bill? It seems too clear to permit of argument that there is no connection between the affirmative relief thus sought in the cross-bill and the cause of action set forth in the original bill. The cross-bill introduces an entirely new and distinct controversy, in no way "connected with or growing out of the bill". The original bill and the cross-bill, as we see it, embrace two separate and distinct matters which are independent of, and unconnected with, the other. Propst v. Brown, 250 Ala. 282, 284, 34 So.2d 497; Riley v. Wilkinson, 247 Ala. 231, 236, 23 So.2d 582, 585. It is stated in the Riley case that "a cross-bill must set up matter germane to the original bill", which "means that its object and purpose must be defensive and seek to defeat a recovery in whole or in part, or to modify a recovery."

From what we have said it follows that the demurrer to each of the aspects of the cross-bill herein discussed was well taken and should have been sustained. Accordingly, the decree appealed from is due to be, and is, reversed, and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and MERRILL, concur.