102 So.2d 23

**Sadie Belle COX**

v.

**E. E. COX.**

**6 Div. 892.**

Supreme Court of Alabama.

April 10, 1958.

Johnson & Randall, Oneonta, for appellant.

Finis E. St. John and Jack C. Riley, Cullman, for appellee.

GOODWYN, Justice.

This is an appeal by the respondent and cross-complainant from a final decree of the circuit court of Blount County, in equity, granting relief to the complainant and cross-respondent.

This is the second time this case has been here. The former appeal, reported as Cox v. Cox, 260 Ala. 524, 71 So.2d 275, was brought by the complainant from a decree overruling his demurrer to the respondent's cross-bill. We reversed and remanded and the case then proceeded to a final decree on the merits. All of the evidence was taken before commissioners.

On September 8, 1950, appellant, then the the wife of appellee, filed a bill for divorce against appellee in the circuit court of Blount County, in equity. On December 26, 1950, a decree was rendered by that court granting appellant a divorce, awarding her custody of the parties' two minor chidren, and vesting in her title to certain personal property. In addition, appellee was ordered to pay appellant alimony in the amount of $2,500 within thirty days, together with a solicitor's fee in the amount of $600, to be taxed as costs, and $75 per month for the education, support and care of the two minor children. The decree also provided "that all the several amounts herein decreed to be paid by respondent shall be a lien on the lands of respondent" described in the bill for divorce.

In response to a motion by appellee the decree was modified on January 12, 1951, by changing the allowance of $75 per month to a flat $600 per year payable each year on or before January 10th, and by further providing that "such sums shall not be a lien on the property of respondent."

On February 13, 1951, a decree was rendered in said cause directing the register to sell the lands described in the divorce decree to satisfy the sums decreed against appellee and further providing that in event sufficient funds should not be realized from such sale to satisfy the amounts decreed in favor of appellant, the register was directed "to issue an execution commanding the sheriff to levy on any other property" of appellee in Blount County. Pursuant to this directive the register, on March 12, 1951, sold the lands of appellee described in the divorce decree. Such lands were not all the lands owned by appellee. At the sale appellant became the purchaser for $1,500. She was the only bidder at the sale. Following this sale the register issued execution commanding the sheriff to levy on the lands and property of appellee, whereupon the sheriff made his return describing the lands sold by him (included were part of the lands already sold at the register's sale and additional lands belonging to appellee) and reciting that he had sold said lands on May 7, 1951, to appellant for $1,000. In this connection it is to be noted that the sheriff's notice of sale showed the time set for the sale to be April 7. Appellant was the only bidder at that sale. The amounts of the two sales were credited to the appellee in part satisfaction of the sums decreed against him.

The present suit was brought by appellee to have the above sales set aside or, in the alternative, to effect redemption. The trial court granted relief to appellee on that aspect seeking to have the sales set aside. The decree recites that in view of such holding "it is obviously unnecessary to proceed with the other aspect in this decree."

The basis for the relief granted is thus stated in the decree:

"In the first aspect of the bill mentioned, one of the grounds relied on strongly by the complainant for relief is the inadequacy of the price paid at both sales, rendering the total price paid by this respondent, the wife, for the lands in question inequitable to such an extent as to shock the conscience of the Court. The total amount of the judgment in favor of respondent against this complainant at the time the decree was rendered was Thirty two hundred sixty nine and 90/100 ($3269.90) Dollars, including the court cost. The evidence shows, in fact the respondent admittedly entered into a contract for the sale of said lands for the sum of Fifteen Thousand ($15,000.00) Dollars shortly after the sales. The judgments under which these lands were sold, together with all other encumbrances, would not aggregate a sum equal to Fifty (50%) per cent of the value of the land. It is, therefore, the opinion of the Court that, because of the inadequacy of the price paid, coupled with the irregularities attendant upon said sales; the fact that there were no other bidders, together with the other evidence shown by the circumstances surrounding such sales, the complainant is entitled to relief, and said sales should be set aside."

In addition to the foregoing, the decree contains the following:

"It further appears to the Court that the respondent has received the rents and benefits of the lands in question, together with the proceeds of the sale of a building to Blount County, to be removed for road purposes, in the sum of Two Thousand ($2,000.00) Dollars, and that this said sum so received by respondent would offset the support money payments for the years, 1951, 1952 and 1953, and that the sum of Six Hundred ($600.00) Dollars under said decree would be due for the year 1954, making a balance due of Six Hundred ($600.00) Dollars for support money from the complainant to the respondent, at this time.

"It is, therefore, further ordered, adjudged and decreed by the court that the complainant be, and he is hereby, given sixty (60) days within which to pay the Register the sum of Thirty-eight Hundred Sixty-nine and 90/100 ($3869.90) Dollars, the amount of the original judgment and cost, together with Six Hundred ($600.00) Dollars, support money due for the year 1954, in default of which the Register shall sell the lands described in the bill of complaint, as having been previously sold by the register for the satisfaction of the same. Any sums paid to the Federal Land Bank and taxes by the respondent would be offset by the amount received by her, as aforesaid, for rents and the sale of said building."

The position taken by appellant is (1) that the price she paid for the lands was not so inadequate as to justify setting aside the sales, and (2) since no question of setoff was presented by the pleadings it was error for the court to decree the setoff in favor of appellee.

(1)

■ In this case we are not dealing with sales to a stranger, nor with sales which have been confirmed by the court ordering them. In essence, we have a case which calls for exercise of the trial court's discretion in determining whether, under all the surrounding circumstances, sales ordered by it should be vacated.

Code 1940, Tit. 7, § 561, provides as follows:

"Courts have full power over their officers making execution or judicial sales, and whenever satisfied that a sale

made under any legal process is infected with fraud, oppression, irregularity, or error to the injury of either party, the sale will be set aside."

This court has held that the question of setting aside a judicial sale under the provisions of § 561 is one to be resolved in the exercise of a sound judicial discretion. Sieben v. Torrey, 252 Ala. 675, 677, 42 So. 2d 621; De Loach v. White, 202 Ala. 429, 430, 80 So. 813; Danforth v. Burchfield, 201 Ala. 550, 551, 78 So. 904. See, also, 30A Am.Jur., Judicial Sales, §§ 122, 123 and 125, pp. 971–973. From De Loach v. White, supra, is the following [202 Ala. 429, 80 So. 814]:

"* * * The text-books and decisions make a distinction when the rights of third parties are involved, and those like this, in which only the parties to the proceedings are involved. See Roorer on Judicial Sales, § 545, 550, and notes, and our own case of Littell v. Zuntz, 2 Ala. [256], 260, 36 Am.Dec. 415, and cases following Branch Bank of State at Mobile v. Hunt, 8 Ala. [876], 886; Helena Coal Co. v. Sibley, 132 Ala. [651], 654, 32 So. 718.

\* \* \* \* \* \*

"Every case, however, must be decided upon its own particular circumstances.

\* \* \* \* \* \*

"This case also does not stand on the same footing as where the sale has been confirmed and conveyance ordered, and an independent suit is brought to set aside the sale. The court directing and affirming, or declining to affirm, as in this case, certainly has some discretion in granting and protecting the interest of all parties—both the owners and purchasers—and of controlling its own process; and its discretion, while a judicial one, and may be revised or controlled in some cases, it is entitled to weight and consideration by appellate courts."

Also appropriate in the case now before us is the following from Danforth v. Burchfield, supra [201 Ala. 550, 78 So. 905]:

"On the facts presented by the record it does not appear that the large measure of discretion intrusted to trial courts in these cases has been abused in the conclusion here reached, and we do not feel justified in controlling and directing that discretion to a different result."

The rule is thus stated in 30A Am.Jur., Judicial Sales, §§ 122, 123 and 125, pp. 971–973, supra, viz.:

"§ 122. It is the general rule that confirmation of judicial sales rests largely within the discretion of the trial court, and will not be reviewed except for manifest abuse of such discretion. The discretion to be exercised is not arbitrary, however, but should be one which is sound and equitable in view of all the circumstances. The court must act in the interest of fairness and prudence, and with a just regard to the rights of all concerned, and the stability of judicial sales. But if the sale was fairly conducted and the property sold for a reasonable and fair value under the circumstances, the court is ordinarily required in the exercise of its judicial discretion to confirm the sale."

"§ 123. While courts may generally be expected to confirm sales which have been conducted according to the direction and upon the terms prescribed by them unless intervening circumstances should make it unwise or unjust to do so, they are not compelled to confirm them, and no purchaser at such a sale has the right to rely absolutely upon the order of the court directing the sale and the fact that the agent of the court has pursued the terms prescribed thereby. It is accordingly difficult to lay down a general rule by which to determine whether a judicial sale will be confirmed or set aside. * * *"

"§ 125. The confirmation of a judicial sale should not be refused except for substantial reasons. In general, however, a court will refuse confirmation wherever it sufficiently appears that the manner or circumstances in which the sale was conducted, or the acts or omissions of the parties concerned, have been such as to lead to the infliction of substantial wrong or injustice upon any interested party who opposed confirmation. * * *"

Upon consideration of all the circumstances we are not willing to disturb the action of the trial court in vacating the sales.

We make it clear that on this appeal no question is presented as to the propriety of proceeding by an independent bill in equity to have the sales vacated. See Woodall v. Orr, 219 Ala. 681, 682, 123 So. 220; Danforth v. Burchfield, supra; Francis v. Sheats, 153 Ala. 468, 472–473, 45 So. 241, 127 Am.St.Rep. 61.

(2)

It is apparent, from reading the bill, that its purpose is to set aside the two sales or, in the alternative, to permit redemption from such sales. Although there is an offer to do equity and a prayer for general relief there is no allegation that respondent is indebted to the complainant and that such indebtedness should be set off against any amount ascertained to be due the respondent. In other words, no issue as to a setoff is made by the bill. We think this was essential to authorize the relief granted appellee in that respect. Accordingly, the decree to that extent must be reversed.

Although there was evidence supportive of the trial court's findings, nevertheless there were no allegations warranting relief by way of setoff. It appears to be appellee's position that such relief was appropriate under his prayer for general relief. But it has been held that "relief under the general prayer must be consistent with the allegations of the bill." Owen v. Montgomery, 230 Ala. 574, 576, 161 So. 816, 817. See, also, Northcutt v. Northcutt, 262 Ala. 98, 101, 77 So.2d 336; Wood v. Cantrell, 224 Ala. 294, 296, 140 So. 345; Hill v. Johnson, 214 Ala. 194, 197(12), 106 So. 814. In Northcutt v. Northcutt, supra, it is said [262 Ala. 98, 77 So. 338]:

"In Alabama, however, the cases follow the theory that any relief is grantable under the general prayer which is in accord with the case made by the bill."

Here, the case made by the bill does not embrace any claimed right to a setoff.

The rule is thus stated in Wood v. Cantrell, supra [224 Ala. 294, 140 So. 346]:

"If under the averments of the bill complainant is entitled to relief of the character prayed, the court under the general prayer will mold the relief to meet the equities as they appear."

From Hill v. Johnson, supra, is the following [214 Ala. 194, 106 So. 816]:

"It is the peculiar province of the court of equity, under the prayer for general relief, to mold its decree to meet the case made by the pleadings and proof."

Here, the relief by way of setoff, granted under the prayer for general relief, does not meet the case made by the pleadings.

Appellee seems to place considerable reliance on the following statement in Dillard v. Gill, 254 Ala. 5, 8, 47 So.2d 203, 205, viz.:

"There is also a prayer for general relief. The court has the power to mold the relief to meet the equities developed in the trial."

It is clear, from reading the whole opinion, that the quoted portion was not intended as an infringement on the established principle that relief under a general prayer must be consistent with allegations of the bill. For instance, in the preceding paragraph

of the opinion it is stated as follows: "The relief sought involves a recognized equitable remedy *when properly sustained by averment.*" [Emphasis supplied.]

There is no occasion to determine whether it would have been proper, if relief by way of redemption had been decreed in favor of appellee, to have balanced the accounts, so to speak, between the parties, as was attempted to be done in the decree.

From what we have said it follows that the decree is due to be affirmed insofar as it vacates the sales and is due to be reversed insofar as it decrees a setoff in favor of appellee.

Affirmed in part and in part reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.