This is a divorce case. The wife appeals and raises two primary issues.
 I
The wife contends through most able counsel that the trial court erred in rendering a divorce judgment to the wife. The wife originally sought a divorce on a no-fault ground, but she testified several times at the last hearing that she did not desire a divorce for religious reasons. The wife's latest petition sought a modification of a previous judgment. The husband's answer to that petition incorporated therein *Page 1074 
his counterclaims for a divorce upon the ground of incompatibility of temperament. After an ore tenus trial, the trial court divorced the parties upon that ground. Since the judgment is not as specific as might be desirable as to whether the divorce was granted upon the wife's initial complaint or upon the husband's counterclaim, since it is obvious that the marriage should not be severed under the wife's complaint and her express desire not to be granted a divorce, and since the husband definitely sought a divorce by his counterclaim and testimony, we refer the granting of the divorce to the relief as sought by the husband's counterclaim and not to the wife's original complaint.
 II
The main issue concerns the division of property and the failure to award alimony. As to these matters, the following is pertinently revealed by the ore tenus evidence, after giving due consideration to attendant presumptions.
The parties married in 1946 and, during this marriage, the wife left the husband on four occasions, the last time being in April 1982. They have not lived together since then. At the time of the trial in August 1984, the wife was fifty-six years of age and the husband was two years older. The parties had two children, who are both adults and married. According to the husband, his married life has never been pleasant, and he can no longer live with the wife, one reason being that the wife's mother has always dominated her to the extent that the wife favored her mother to the exclusion of the husband and children. The husband complained of the wife's nagging, and it is clearly evident from her testimony that she has a voracious appetite for talking.
The wife's back and right leg were broken at an undisclosed time, but she testified that she could work because of her tremendous willpower in spite of any residual effects from those injuries. She has only limited work experience and no formal training. She has only had outside employment rarely and for short periods of time, the rest of her married life being utilized in being a housewife.
When she reaches the appropriate age, she can draw upon her husband's social security and, more importantly, she will also be entitled to receive a wife's share of the husband's railroad retirement benefits, her share being based upon the husband's benefits and upon the number of years that the marriage lasted. She has a vested interest in that retirement, and the divorce did not affect it.
As a result of a recent physical examination given to the husband, a physician testified that the husband is nearly completely disabled because of acute infectious arthritis, from which he has suffered since he was nineteen years of age. All of the husband's spine has bent in a forward position at a fifty to sixty degree angle, and he is not able to straighten up at all. Consequently, his head is directed towards the ground when he walks. In his private physician's judgment, the husband will not pass his next railroad physical.
After the physical by his private physician, the husband underwent his quadrennial railroad physical, but had not heard the results from it. The husband testified that in his arthritic condition he can perform his work satisfactorily on a day to day basis unless something out of the ordinary happens on the job. Since he is a conductor, he is in charge of the train and of people's lives; and, in the event of an emergency which might require physical exertion, rapid movement or long walks, he can no longer satisfactorily perform his duties under such circumstances because of his physical condition. Some of his longtime fellow employees are now voluntarily doing some of his work to keep him from having to perform those functions in his present condition.
The wife admitted that the husband has always been a hard worker. He has been employed by the same railroad for over forty years and became a conductor five or six years ago. The husband's gross salary was $31,700 in 1982, $44,345 in 1983, and *Page 1075 
$22,396 in 1984 through his July 8, 1984, pay period.
When the parties married in 1946, she had nothing; and he owned an old car and a half interest in a small store, which he later sold for $900. Now the parties jointly own about sixty-seven or fewer acres of land. The husband purchased about thirty-seven or more of those acres from his father in 1957 for $1,900, and his father gave him another five acres in 1966. The husband bought about fifteen adjoining acres from a third party in 1960 for $300. All of their land is jointly deeded to the parties. They constructed a new home and developed a mobile home park on that farm. The gross receipts of the farm itself in 1983 were $1,500.
The parties own their furniture and appliances, two pickup trucks, and an automobile. Six mobile homes are involved in the case, but we are not clear as to whether they were owned solely by the husband or by both parties. The trailers return an average monthly rental of $930.
At the time of their last separation, the husband had about $70,000 on deposit in various savings accounts, some being in his name only and others being in their joint names. The husband had earned the entire income which was the source of those savings. After the separation, the wife checked out a total of $2,600 from those savings and the husband the balance. He testified that he spent all of those funds which he received except for $8,700, which he still retains. The husband purchased a truck, a lawnmower, and a satellite dish, took two or three vacations a year in Florida, and he stated that the wife or someone else removed $6,000 of those funds from his house, to which the wife had a key.
In the final divorce judgment, the wife was awarded as her sole property $5,000 in cash, a 1981 automobile and practically all of the furniture and fixtures. The husband was given the two pickup trucks, the farming equipment, the tools in his possession, a home-made camper, and the lawnmower. The real estate and six mobile homes were ordered sold with the net proceeds to be divided equally between the parties.
The wife contends that the trial court abused its discretion in the division of property and in failing to award alimony to her.
In a divorce case, the award of alimony and the division of property of the parties are matters which fall within the judicial discretion of a trial court and are reversible on appeal only for an abuse thereof. The division of property may be unequal, but it should be equitable. Where the evidence was heard orally by a trial court, its findings as to alimony and as to a division of property are presumed to be factually correct and can be altered on appeal only if they were palpably wrong. Bright v. Bright, 456 So.2d 1091 (Ala.Civ.App. 1984);Hale v. Hale, 439 So.2d 160 (Ala.Civ.App. 1983); Kaiser v.Kaiser, 434 So.2d 264 (Ala.Civ.App. 1983).
The trial court's judgment left both of the parties with the balance, if any, of the savings which they still retained. The husband must pay to the wife $5,000, and she had already received either $2,600 or $8,600 of the savings proceeds. The husband had earned all of those savings, and the trial court did not see fit to punish him for spending a major portion from those accounts during the separation of the parties.
The wife and the husband are entitled to share equally in the monthly rentals of about $930 from the mobile homes until that property is sold, at which time the wife will share equally in the proceeds. Her share can be invested and produce income for her. The wife has a vested interest in the husband's railroad pension benefits and also in his social security.
After considering all of the trial evidence, we are not persuaded that the trial court applied any erroneous law or rendered an inequitable judgment or abused its discretion or was palpably wrong regarding alimony or the property division. Accordingly, we are not authorized to substitute our opinion for that of the trial court. *Page 1076 
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.