EDWARD N. SCRUGGS, Retired Circuit Judge.
This case involves a post-divorce sale of a home which was jointly owned by the parties.
*240 The wife and minor children were awarded the use of the marital residence of the parties under their agreement, which was ratified by the trial court’s 1981 judgment which divorced the parties. It was provided that the home would be sold if the wife remarried and that the net sale proceeds would be evenly divided between the husband and wife. The wife married Mr. Matthews in October 1982. The husband filed a petition in 1984, asking that the home be sold, and he requested an award of one-half of its rental value from the time of her marriage. The wife counterclaimed for delinquent child support and for an arrearage in payments which he was ordered to make on her vehicle.
In May 1984, the trial court entered the following judgment:
“Attorneys announced to the Court that an agreement had been reached and the Court feels that the agreement should be ratified.
“Therefore, it is ORDERED, ADJUDGED, and DECREED as follows:
“1. Mr. Hittson is in arrears the amount of $5,250.00 in child support payments as of April 27, 1984. In addition, Mr. Hittson was to have paid for an automobile which Mrs. Hittson had. He did not pay for this automobile and Mrs. Hittson, now Mrs. Matthews, had re-fi-nancefd] the automobile at a total cost of $6,800.00. She is due to be refunded this amount of money from the sale of the house.
“2. The house is to be placed on the market for sale at a price of $60,000.00. The house will be listed with a real estate company for sale and if a valid $60,-000.00 offer is received, the house will be sold. If a $60,000.00 offer is not received, any other offers will be communicated to the parties and if both agree, the house will be sold. However, if both do not agree the house will continue to be listed at $60,000.00.
“3. Until the time that the house is sold Mrs. Matthews shall have possession of the house for the use of herself and the minor child. She shall be responsible for paying the first mortgage payment and any taxes and insurance due on the house as well as any minor up keep.
“4. If the house is sold, Mrs. Matthews shall receive from Mr. Hittson’s portion of the sale the $5,250.00 former arrearage and the $6,800.00 which she expended in re-financing the automobile. Then, after any other expenses of the sale have been deducted, the proceeds of the sale shall be divided equally between the parties.”
On January 10, 1985, the husband moved that the home be sold at public auction by the circuit clerk, since it had not been otherwise sold. The trial court ordered that it be listed with a real estate agent for another ninety days and that, if it was not sold during that listing, the clerk would sell it subject to the first mortgage and subject to confirmation by the trial court. The property was not sold during that period of time, although the parties had an offer of $53,000.00 therefor on January 25, 1985, with the first mortgage to be satisfied from the proceeds thereof. Evidently the wife did not accept that offer. The clerk sold the property at public auction, and the wife and her husband (the Matthewses) became the purchasers for $20,000.00. The clerk reported to the trial court that the sale was fairly conducted in all respects.
The husband moved to set the sale aside on the ground of inadequacy of price, and he attached thereto a July 1983 appraisal whereby the value of the home was estimated to be $60,000.00. He also attached a copy of the January 1985 offer to purchase it for $53,000.00.
The Matthewses filed affidavits reciting that, when the clerk first called for bids, there were none; whereupon the clerk asked, “Do I have a bid for Twenty Thousand Dollars?” The Matthewses then bid that amount and, upon no further bids being made, the clerk sold the property to them. The husband and his attorney were present and remained silent during the entire sale.
On November 12, 1985, the trial court confirmed the sale to the Matthewses of *241 the home for the $20,000.00 subject to the first mortgage lien of $7,000.00. It was expressly noted by the trial court that no one had offered, guaranteed or made any showing that a larger sum might be obtained upon a resale of the home. The trial court further reduced to $8,870.00 the lien of the wife for the arrearage as to the automobile and child support, which reduced sum was one-half of the amount of the sale, less costs thereof which included an attorney’s fee of $1,000.00 to the attorney for each party. The trial court expressly ascertained that the true purchase price was $35,870.00 which was composed of the $20,000.00 bid, $8,870.00 paid on the lien against the husband and $7,000.00 for the assumption of the first mortgage.
The husband filed a motion to reconsider and therein admitted that the trial court’s order extinguishing his obligations for his arrearages effectively raised the purchase price by that amount. The trial court overruled that motion, even though the motion was filed one day late. The notice of appeal of the husband was filed within forty-two days of the entry of the judgment confirming the sale.
The husband contends through able counsel that the trial court abused its discretion in refusing to set aside the sale on the grounds that the purchase price as opposed to the appraised value was so inadequate that it should have shocked the conscience of the trial court.
The husband relies strongly upon the offer of $53,000.00 which had been made for the property. However, from the $53,-000.00 the first mortgage of $7,000.00 would have been satisfied along with a $3,000.00 real estate commission, which would reduce the effect of that offer to about $43,000.00. The trial court ascertained that the effective bid of the Mat-thewses was $35,870. That was eighty-three percent of the $43,000.00, and if only the $7,000.00 mortgage is added to the Matthewses bid, it was about two-thirds of the $43,000.00. The husband admitted in his Rule 59 motion in the trial court that the bid of the Matthewses of $20,000.00 should be effectively increased by $8,870.00, the amount of his arrearage. He admits in argument on appeal that the $7,000.00 first mortgage assumption in-' creased the effective amount of their bid.
The question of setting aside a judicial sale for inadequacy of price is to be resolved by the trial court in the exercise of its judicial discretion. Cox v. Cox, 267 Ala. 372, 102 So.2d 23 (1958). After considering all pertinent facts in this matter, we are not convinced therefrom that the trial court manifestly abused its discretion in confirming the sale of the property to the Matthewses.
The husband next argues that the trial court abused its discretion in failing to award to him one-half of the reasonable rental value of the marital homestead since the wife’s remarriage.
We have copied the pertinent provisions of the May 1984 judgment which ratified an agreement which had been reached. Thereby, the wife and minor child were given the possession of the house until it was sold, with the wife being responsible for its upkeep and for mortgage, tax and insurance payments in the meantime. That judgment made provision for the payment of the husband’s arrearage due the wife and for a complete distribution of the sale proceeds, and nothing was mentioned about the husband being entitled to any payment in lieu of rent. After a fair study of that judgment, we conclude that, from a practical standpoint, it approved an agreement whereby the relief which the husband now seeks was denied or waived.
The judgment of November 12, 1985 is affirmed.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.