EDWARD N. SCRUGGS, Retired Circuit Judge.
This appeal involves the postdivorce sale of six mobile homes and approximately sixty-seven acres of land upon which a house and the park for the mobile homes were situated.
This is the third time that litigation between these parties has been before this court. Dixon v. Dixon, 485 So.2d 742 (Ala.Civ.App.1986); Dixon v. Dixon, 472 So.2d 1073 (Ala.Civ.App.1985). Consequently, we will not burden this opinion with any unnecessary repetition of facts from the prior opinions.
The husband was the highest and best bidder at separate public auctions of the mobile homes and of the real estate, his bid being $27,000 for the real estate and $13,-000 for the mobile homes. The wife filed exceptions and, after an ore tenus trial thereon, the circuit court confirmed the sales. The wife appeals and argues through able counsel that the trial court erred in not setting aside the sales because the total amount of $40,000 received for the property was such an inadequate price that the trial court’s conscience should have been shocked.
In viewing the record in accordance with the attendant presumptions which favor the trial court’s action, the following is pertinently revealed.
The wife testified that the auction was attended by between twenty-five and forty people, including some relatives of each party, that an ample number of people in attendance were affluent enough to bid if they had chosen to do so, and that the wife did not bid because of a lack of funds. Everything which was sold was reasonably worth about $300,000 in her opinion.
The register of the trial court testified that she conducted the sales in a fair manner, that between seventy-five and one hundred people were present, that she observed no one do anything wrong at the sales, and that she did not rush anyone but gave ample time for them to make up their minds as to each auction. The real estate *154 bids started at $20,000 and three different people made five separate bids, with the husband’s bid of $27,000 being the highest and last bid therefor. Initially, the mobile homes were offered for sale separately, and the husband and two others were the high bidders on the six mobile homes. Then the six mobile homes were bid collectively and the husband offered the last and highest bid of $13,000.
Seven witnesses, including a son-in-law and a daughter-in-law of the parties, testified that nothing happened at the sales to discourage bids or bidders, that the sales were fairly conducted, and that some persons of substance attended the sales.
Mr. Romine, a nearby property owner, was one of the bidders upon the mobile homes. On cross-examination by the wife’s attorney, he testified that he sold between twenty-eight and thirty-five acres of his land to the Tennessee Valley Authority for $350 per acre. He was further asked if the sale of all of the property of the parties for $40,000 was not ridiculous, and his reply in substance was that it might be, depending upon how a bidder viewed it.
The problem of whether a judicial sale should, or should not, be set aside for inadequacy of price is to be resolved by the trial court in the exercise of its judicial discretion. Hittson v. Hittson, 491 So.2d 239 (Ala.Civ.App.1986). Furthermore, since the trial court personally heard and observed the witnesses as they testified, the judgment cannot be altered on appeal if it is supported by legal evidence unless the decision of the trial court was palpably wrong. Justice v. Justice, 460 So.2d 1330 (Ala.Civ.App.1984).
While the wife was the only person to directly testify as to the value of the property, she thought that one hundred acres of land were sold. The true acreage consisted of sixty-seven acres or less. Dixon, 472 So.2d at 1075. Further, practically every witness swore that the sales were fair. The trial court could have considered that this land, like Mr. Romine’s, was worth about $350 per acre and that whether $40,000 was a fair price for the property depended upon the variant viewpoints of buyers.
It is noteworthy that no person who had any real credentials as to the value of real estate gave any opinion as to the value of any of the property which was sold at public auction. Neither was there any testimony that the entire property, or any part of it, would bring a higher price if it were re-sold, nor that materially higher valid offers had been made to purchase the property after the auctions.
We have considered all of the pertinent facts and we are unconvinced that the trial court abused its discretion in confirming the sales to the husband. The decision of the trial court was not contrary to the evidence and it was not palpably wrong. We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.