HOLMES, Judge.
This is a divorce case.
After ore terms proceedings, the trial court divorced the parties and made a division of property. Specifically, the court awarded to the wife the house over which this dispute on appeal has arisen.
The husband appeals, and we affirm.
The dispositive issue is whether the trial court’s award of the house to the wife was a plain and palpable abuse of its discretion such as to constitute reversible error on appeal.
We note at the outset the well-settled rule that, after an ore terms hearing, a trial court’s findings regarding the disposition of property in a divorce proceeding are presumed to be correct and will not be altered on appeal unless they are palpably wrong. Dixon v. Dixon, 472 So.2d 1073 (Ala.Civ.App.1985). We also note that the division of property is within the sound discretion of the trial court in a divorce action and will not be reversed except for a palpable abuse of discretion. Tate v. Tate, 477 So.2d 426 (Ala.Civ.App.1985).
The record shows that, prior to the marriage of the parties, the wife purchased a home, the title of which was put solely in her name. At some point she borrowed money from the husband for which she executed a note, thereby giving him a second mortgage on the house and toward which she makes monthly payments.
The husband contends that this mortgage in his favor entitles him to possession of the property, notwithstanding the trial court’s decree awarding the house to the wife. He argues that, since the mortgage agreement contains no provision reserving any right of possession in the home to the wife, he is legally entitled to the property and cites several cases to that effect. See, e.g., Moorer v. Tensaw Land & Timber Co., 246 Ala. 223, 20 So.2d 105 (1944); Cowart v. Aaron, 220 Ala. 35, 123 So. 229 (1929). This argument is misplaced with respect to a trial court’s disposition of property pursuant to a divorce decree such as the one in this case.
As the wife correctly notes, Alabama law regarding the mortgagor-mortgagee relationship with respect to mortgaged property is not germane to this case. We hardly need state that what is dispositive in this case is the long-held rule that a trial court is afforded wide discretion in awarding marital assets in divorce cases and that such discretion is presumed correctly applied on appeal. Kilpatrick v. Kilpatrick, 411 So.2d 158 (Ala.Civ.App.1982). We need not repeat in detail any other facts of this case other than to state that, given the attendant presumptions as noted, our review of the record and the applicable law *143 reveals no facts or grounds upon which this case is due to be reversed.
The husband further contends that an oral antenuptial agreement regarding his claim to the house was enforceable. The trial court’s conclusion that there was no enforceable oral antenuptial agreement in this case is also presumed correct in view of the fact that the existence of such an agreement was disputed at trial. Our review of the record reveals no palpable error regarding the court’s finding on this point, and its judgment is due to be affirmed thereto. Dixon, 472 So.2d 1073.
The wife has requested an attorney’s fee for representation on appeal. A fee of $750 is hereby awarded.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.