This is a divorce case.
Regis Lawson Percey II and Terry Ann Percey were married in 1980 and lived together as husband and wife until they separated in July 1991. Although the wife was awarded the marital residence pendente lite, she was either unable or unwilling to make the mortgage payments, and the mortgage was foreclosed. The husband filed for bankruptcy and the wife moved into the home of her parents.
The husband testified that in the bankruptcy proceedings he claimed no equity in the home. It was appraised at approximately $71,000, and the indebtedness thereon was less than $54,000. The record reveals that the wife has multiple sclerosis, is confined to a wheelchair, has not worked in the past nine years, is legally blind, and receives social security disability and other disability benefits totalling approximately $596 per month. The husband is employed as an electronics test technician and he reported taxable income in 1991 of approximately $29,000, although he testified to an hourly wage of $9.75 per hour. Prior to trial, the husband amended his counterclaim for divorce, alleging adultery on the part of the wife.
Following an ore tenus proceeding, the trial court divorced the parties on the ground of incompatibility of temperament. The wife was awarded the marital home, periodic alimony of $600 per month, and an attorney's fee. The division of the parties' personal property was also detailed in the order. The husband appeals, asserting that the trial court's decision was an abuse of discretion and palpably wrong.
In considering whether the trial court abused its discretion in the division of property, the award of alimony, or the award of an attorney's fee, this court views the judgment with a presumption of correctness. Ross v. Ross, 447 So.2d 812
(Ala.Civ.App. 1984). Moreover, where, as here, evidence was presented ore tenus, findings of the trial court are presumed factually correct and can be altered on appeal only if they are palpably wrong. Dixon v. Dixon, 472 So.2d 1073
(Ala.Civ.App. 1985). *Page 684 
The husband asserts that his evidence of the wife's alleged adultery (albeit nothing more than his own testimony regarding the wife's prior confession thereof at some unspecified time in the past) should have been sufficient to render the trial court's alimony award as plainly and palpably wrong. We do not agree. Adultery may be proven by circumstantial evidence, but more than mere suspicion must be created; additionally, the circumstances must be such as would lead the guarded discretion of a reasonable and just man to conclude that the act of adultery has been committed, and to the conclusion of adultery as a necessary inference. Rowe v. Rowe, 575 So.2d 584
(Ala.Civ.App. 1991). Here, the only evidence before the trial court regarding adultery was the husband's testimony of the wife's confession. Neither attorney questioned or cross-examined the wife regarding the husband's allegation; nevertheless, her answer to the amended counterclaim denied any such confession. Testimony of such a confession is insufficient to warrant a decree of divorce on the ground of adultery and is admissible only in corroboration of other evidence tending to establish the offense. Hendrix v. Hendrix, 250 Ala. 309, 34 So.2d 214
(1948).
In exercising its discretion regarding property division and award of alimony, the trial court may consider such factors as the earning capacity of the parties, their future prospects, their ages and health, the duration of the marriage, their standard of living, the value and type of property, and the conduct of the parties. Carnaggio v. Carnaggio, 475 So.2d 861
(Ala.Civ.App. 1985). In the instant case, the trial court heard testimony regarding the financial status of the parties, the health status of the wife, and the requirements for the wife's daily care. While the wife may have inflated the value of certain items of personal property, the husband provided ample testimony of values from which the trial court could have made its own interpretation of the approximate value. The failure of the wife to make the mortgage payments pendente lite could be interpreted as the result of her meager income, the mortgage payments being equal to or greater than her total income.
Based on the foregoing, we cannot say that the trial court abused its discretion in the award of alimony, the division of property, or the award of attorney's fees; accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed in all respects.
The wife's request for an attorney's fee in this appeal is granted in the amount of $500.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.