YATES, Judge.
Rebecca Ann Goeman and Thomas Goe-man were married on September 15, 1989. The husband sued for a divorce on August 26, 1991. A pendente lite order required the husband to pay the wife $3,400 per month temporary alimony; “the basic monthly household expenses for operating the marital residence”; and the insurance premiums, dealer/maintenance/repair, and license for the wife’s automobile. Following a hearing, the parties were divorced by a judgment entered on January 20, 1993. The wife appeals.
The dispositive issue for our review is whether the trial court used the correct standard in determining the alimony award and the property division.
We note that following oral proceedings, the division of property and award of alimony are matters within the sound discretion of the trial court, and that this court will review these matters with a presumption of correctness. Percey v. Percey, 617 So.2d 682 (Ala.Civ.App.1992). In making a property division and an award of alimony, the trial court may consider such factors as the earning capacity of the parties; their future prospects; their ages and health; the length of the marriage; the parties’ standard of living; the value, source, and type of property to be divided; and the conduct of the parties that led to the divorce. Id. Based on our review of the trial court’s order, we conclude that the trial court considered all of these factors.
Here, the parties separated after 23 months of marriage. The husband, a businessman, owned several McDonald’s restaurant franchises. The wife had a B.S. degree, a master’s degree, and a law degree. She also had experience working in the business field. During the brief marriage, the husband provided substantial financial assistance to the wife, allowing her to avoid foreclosure on property she had owned before their marriage.
The wife was awarded all real and personal property that she had owned before the marriage; all household goods and furnishings in the parties’ marital residence; exclusive use and possession of the marital residence until March 1993; the 1990 Mercedes 350 SDL automobile, the 1990 BMW 325, and the 1990 Chrysler LaBaron. Further, the husband was ordered to pay to the wife $3,400 per month as temporary rehabilitative alimony through June 15,1993; $25,000, which represented the wife’s equity in the marital residence, to be applied to a joint promissory note held by AmSouth Bank; all taxes attributable to the wife’s earnings in the husband’s company; and medical and dental insurance premiums for the wife through June 30,1993.
The husband was awarded the marital home after March 31, 1993, and certain personal property in the marital residence, and he maintained all interest in his business.
In asking this court to reverse the judgment of the trial court, the wife cites Madden v. Madden, 399 So.2d 304, 305 (Ala.Civ.App.1981), for the proposition that “The purpose of alimony is to preserve ... the economic status quo of the parties as it existed during the marriage.”
The trial court, taking into consideration the short duration of the marriage, stated in its order that it would “place the parties back to as near the status quo as possible.” The court’s final order, however, indicates that the court properly considered those factors that it should have considered in making a property division and an award of alimony. Thus, if the court erred in making the statement concerning the status quo of the parties, that error was harmless.
We conclude from the lengthy and detailed order that the trial court applied the appropriate standard in making the property division and the alimony award.
Each party’s request for attorney fees on appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.